IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Hollis W. THOMPSON, Attorney at Law.

Supreme Court

*No. 92–1497–D. Submitted on briefs November 10, 1993.—Decided December 6, 1993.*

(Also reported in 508 N.W.2d 384.)

For Hollis Thompson, there were briefs by *Hollis Thompson*, Mauston.

For the Board of Attorneys Professional Responsibility there was a brief by *Elsa P. Greene*, Madison.

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

Attorney Hollis W. Thompson appealed from the report of the referee concluding that he engaged in

professional misconduct and recommending that the court suspend his license to practice law in Wisconsin for 60 days as discipline for that misconduct. The misconduct consisted of his neglect of nine estates he was retained to probate and his failure to diligently pursue another client's matter. In this appeal, Attorney Thompson argued that the referee erred by ruling inadmissible a book he proffered as a learned treatise and by failing to find that his misconduct was caused by a medical condition.

We determine that the recommended 60-day license suspension is appropriate discipline to impose for Attorney Thompson's misconduct. The referee correctly ruled on Attorney Thompson's request to admit the book he offered into evidence and, based on the record before her, her refusal to find that Attorney Thompson's misconduct was caused by a medical condition was proper.

Attorney Thompson was licensed to practice law in Wisconsin in 1972 and practices in Mauston. In 1985, he was privately reprimanded by the Board of Attorneys Professional Responsibility (Board) for having assisted a client in leaving the state with her child during a recess in court proceedings in which that child's placement with the client was at issue. He was suspended from practice on June 2, 1993, for failure to comply with continuing legal education requirements.

The facts concerning Attorney Thompson's misconduct are not in dispute, as he had stipulated to the allegations set forth in the complaint of the Board of Attorneys Professional Responsibility. Based on that stipulation, the referee, Attorney Janet A. Jenkins, made the following findings of fact concerning Attorney Thompson's professional misconduct. In early 1988, Attorney Thompson was retained to probate an estate.

Despite repeated requests and demands from the probate court and the attorney for one of the decedent's heirs to close the estate, Attorney Thompson failed to file the final account, inheritance tax certificate, receipts and other documents in the estate for four years. He also failed to pursue for more than 16 months his request that the personal representative provide him documents regarding estate assets.

During the Board's investigation of the grievance of the heir's attorney, Attorney Thompson did not respond to the district committee investigator's initial letter seeking information about the estate and did not respond timely to further requests for information. He did not respond at all to a request from the investigator to state reasons why a final order of discharge of the personal representative had not been filed in the estate and to advise him of the status of the matter.

The estate remained open as of the date of the disciplinary hearing in this proceeding and the referee found that, as a result of Attorney Thompson's failure to close the estate, one of the heirs found it necessary to retain counsel to ascertain the status of the estate and assist in getting it closed. Further, the decedent's heirs did not receive their distributions from the estate timely. The referee concluded that Attorney Thompson's failure to timely close the estate constituted a lack of diligence, in violation of SCR 20:1.3.[1]

While investigating the grievance in respect to that estate, the district committee's examination of the Juneau county probate court records disclosed that Attorney Thompson had failed to timely complete eight

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

other estates opened between 1986 and 1990 and which remained open from between two to six years, despite orders to show cause and reminders from the probate court. The court removed him as attorney for the special administrator in one of those estates. The district committee investigator twice wrote to Attorney Thompson requesting his response to questions concerning these estates but he did not provide a response. The referee concluded that Attorney Thompson's neglect of these estates violated SCR 20:1.3 and his failure to provide written responses to requests from the investigator violated SCR 21.03(4)[2] and 22.07(2).[3]

In another matter, a woman retained Attorney Thompson in May, 1990 to represent her in a divorce action. After she was awarded the marital homestead at the final hearing in October, 1990, the client repeatedly asked Attorney Thompson to take the necessary

---

[2] SCR 21.03 provides:

**General principles.**

. . .

(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3] SCR 22.07 provides:

**Investigation.**

. . .

(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

steps to provide her clear title to that property but he did not do so until December 23, 1991, when he recorded a one-page abridgment of judgment. Six weeks earlier, the client had filed a grievance against Attorney Thompson, as she had listed the property for sale and needed to obtain title of record. The referee concluded that, despite repeated requests from his client, Attorney Thompson failed to act with reasonable diligence in this matter, in violation of SCR 20:1.3.

In addition to the 60-day license suspension as discipline for Attorney Thompson's misconduct, the referee recommended that if any of the estates considered in this proceeding remain open on the effective date of the license suspension, the court require Attorney Thompson to pay the costs incurred in those estates for substitute counsel to close them. We understand that condition to refer to the costs incurred for work performed by successor counsel for which Attorney Thompson already had received payment.

On the issue of Attorney Thompson's medical condition, the referee explicitly considered and rejected his claims that his failure to timely complete legal matters was a direct result of his having suffered from depression and anxiety for many years. The referee stated that such an illness properly might be considered in mitigation of the severity of sanctions to be imposed for his misconduct but stated that there was no competent evidence presented to support a finding either that Attorney Thompson was suffering from an illness or that an illness caused his misconduct. Attorney Thompson presented no medical or psychological evidence but merely testified to his condition, claiming that he was financially unable to present expert testimony.

Prior to the disciplinary hearing, the referee denied Attorney Thompson's request to admit as substantive evidence a book entitled *Feeling Good: The New Mood Therapy*. Attorney Thompson's request was made pursuant to sec. 908.03(18), Stats., which provides an exception to the hearsay rule for "learned treatises." The referee determined that the book had not been written primarily for professionals but for the general public and, consequently, she could not find that it has an influence upon medical opinions. The referee also was unable to take judicial notice that the author was recognized in his profession as an expert in the subject of depression and anxiety. The referee found that the book did not meet the definition of "learned treatise" set forth in case law. Attorney Thompson's arguments that the referee erred by not admitting the book, contending that it would have been helpful to her in assessing his medical condition, have no merit.

Likewise without merit is Attorney Thompson's position that the referee was required to find that his misconduct resulted from his claimed medical condition. The only evidence he presented on that issue was his own testimony of the symptoms and the effect of his claimed depression and anxiety on his work in the matters under consideration in this proceeding. Because she considered depression a recognized medical condition or illness, the referee stated that she could not take what would amount to judicial notice that Attorney Thompson suffered from depression and anxiety without expert testimony to that effect. The referee properly determined that there was no competent evidence to establish either the existence of the claimed illness or a causal connection between it and the misconduct.

During the disciplinary proceeding, Attorney Thompson urged the referee not to recommend a license suspension but to recommend that an attorney be assigned to monitor his legal work, that he be required to notify his clients of the risks of his continuing to do their work and give them the opportunity to obtain other counsel and to refrain from taking on any new cases and that he pursue mental health treatment. In this appeal, however, he took the position that the recommended 60-day license suspension is insufficient and that, because of his claimed medical incapacity, his license should be suspended for an indefinite period and reinstated only upon a showing that he no longer represents a danger to his clients, the legal system and the public. Had Attorney Thompson presented competent medical evidence concerning his claimed medical condition, an indefinite license suspension would be appropriate. In the absence of that evidence, we impose the license suspension recommended by the referee.

Nevertheless, the court is concerned by Attorney Thompson's claim that he has a medical condition sufficiently serious to render his continued practice of law inadvisable. On the record presented, the court is not, as the referee was not, in a position to make a determination concerning his medical condition. Yet, if Attorney Thompson believes that his resumption of practice would present a danger to clients, the public and the legal system, he is duty-bound to refrain from practicing.

IT IS ORDERED that the license of Hollis W. Thompson to practice law in Wisconsin is suspended for a period of 60 days, commencing January 17, 1994.

IT IS FURTHER ORDERED that, in the event the estates considered in this proceeding are not closed by

the effective date of the license suspension ordered herein, Attorney Thompson shall pay to each of those estates the costs it incurs for successor counsel to close those estates to the extent that Attorney Thompson has received payment from those estates for the work he failed to do.

IT IS FURTHER ORDERED that within 60 days of the date of this order Hollis W. Thompson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Hollis W. Thompson to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Hollis W. Thompson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.