IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Hollis W. THOMPSON, Attorney at Law.

Supreme Court

*No. 93–3248–D. Filed June 13, 1994.*

(Also reported in 516 N.W.2d 708.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Hollis W. Thompson to practice law in Wisconsin be suspended for an indefinite period on the ground of his medical incapacity and until such time as he establishes that he no longer suffers the medical incapacity found to have been the cause of his professional misconduct considered in this proceeding.

We determine that the recommended indefinite license suspension is the appropriate action to take in response to the referee's finding that Attorney Thompson suffers a medical incapacity that renders him unable to adequately perform the responsibilities of the legal profession. That suspension will continue until such time as he petitions for reinstatement of his

license and demonstrates by clear and convincing evidence that his medical incapacity has been removed and that he is fit to resume practice. We also impose as a condition of license reinstatement that Attorney Thompson show, as the referee has recommended, that he has repaid all clients any fees paid to him for which he has not discharged his professional obligations.

Attorney Thompson was admitted to practice law in Wisconsin in 1972 and, until his license was suspended in June of this year for failure to comply with continuing legal education requirements, practiced in Juneau county. The court suspended his license for 60 days, commencing January 17, 1994, as discipline for his neglect of nine estates he was retained to probate and his failure to diligently pursue another client's matter. *Disciplinary Proceedings Against Thompson,* 180 Wis. 2d 48, 508 N.W.2d 384 (1993).

In this proceeding, pursuant to the parties' stipulation, the referee, Attorney Rudolph P. Regez, concluded that Attorney Thompson engaged in professional misconduct as follows. Between March, 1991 and February, 1993, Attorney Thompson neglected three divorce matters and failed to commence a bankruptcy proceeding on behalf of one of those divorce clients, neglected a paternity matter on behalf of a client, neglected to file two other bankruptcy proceedings and neglected two estates, in one of which the court removed him as attorney for the personal representative. He also failed to respond to the Board of Attorneys Professional Responsibility seeking information in respect to three client grievances.

The referee found that in October, 1992, Attorney Thompson had testified that he was "dangerous" to his clients because of a mental condition but nevertheless failed to withdraw from representing two clients in

matters then pending and accepted representation of an additional client. In October, 1992 he sought treatment from a psychiatrist, whom he then saw on a regular basis until March, 1993, and from a counselor whom he has continued to see. Both the psychiatrist and the counselor expressed their opinion that Attorney Thompson is substantially impaired by a personality disorder and episodes of depression that prevent him from adequately performing his professional obligations to clients.

Having concluded that Attorney Thompson suffers a medical incapacity, as evidenced by his failure to keep clients informed of the status of their matters and respond to their reasonable requests for information and represent their interests with reasonable diligence, the referee recommended, as the parties stipulated, that his license to practice law be suspended for medical incapacity, pursuant to SCR 21.07(2).[1]

IT IS ORDERED that the license of Hollis W. Thompson to practice law in Wisconsin is suspended on the ground of medical incapacity, effective the date of this order and until such time as he establishes that he no longer suffers that medical incapacity and his license is reinstated by order of the court.

IT IS FURTHER ORDERED that, as a condition of license reinstatement, Hollis W. Thompson show that he has refunded to all clients any fees they had paid

---

[1] At the time of this proceeding, SCR 21.07 provided:

**Medical incapacity.** . . .

(2)  An attorney's license to practice law is subject to suspension or his or her right to practice law may be made subject to condition for medical incapacity upon a finding that because of mental infirmity, mental illness or addiction to intoxicants or drugs, the attorney should not be permitted to practice law because of the danger to the interests of his or her clients and the public.

him for which he did not discharge his professional obligations to them.

IT IS FURTHER ORDERED that within 60 days of the date of this order Hollis W. Thompson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Hollis W. Thompson to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Hollis W. Thompson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.