Filed 12/19/97 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1997 ND 240

Richard Wolf,                             Plaintiff and Appellant

       v.

Estate of Alice Seright,                   Defendant and Appellee

Civil No. 970106

Appeal from the District Court for McHenry County,  Northeast Judicial District, the Honorable John C. McClintock, Jr., Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Gary H. Lee (argued) and Scott A. Miller (appearance), of Olson Burns Lee, Minot, for plaintiff and appellant.

Robert J. Hovland, Rugby, for defendant and appellee.

Wolf v. Estate of Seright

Civil No. 970106

VandeWalle, Chief Justice.

[¶1] Richard Wolf appealed from a judgment, entered upon a jury verdict, dismissing his personal injury action against the Estate of Alice Seright.  We hold the trial court’s failure to instruct the jury on a motorist’s statutory duty to signal an intention to turn not less than 100 feet before turning was not reversible error, and the court did not abuse its discretion in refusing to exclude certain expert testimony.  We affirm.

[¶2] At about 4:30 p.m. on May 19, 1994, Wolf was working as a route salesman for Minot Coca-Cola when the pickup he was driving was involved in an accident with a car driven by Seright.  Both vehicles were traveling west in the right-hand lane of Highway 2, a four-lane divided highway, approximately three miles west of Granville, North Dakota.  Wolf’s pickup rear-ended Seright’s car about twenty feet east of the east side of an intersection of Highway 2 and a gravel road.  Wolf testified he never saw Seright’s car.  Wolf sustained serious injuries and Seright died in the accident.  Wolf sued Seright’s estate, alleging Seright had negligently operated her car.  A jury returned a special verdict, finding Seright was not negligent.

[¶3] Wolf contends the trial court committed reversible error in failing to instruct the jury on two essential issues.  Jury instructions must fairly and adequately inform the jury of the applicable law.  
Kunnanz v. Edge
, 515 N.W.2d 167, 175 (N.D. 1994).  Parties are entitled to instructions on their theory of the case, but a trial court is not required to instruct the jury in the specific language requested by a party, if the court’s instructions fairly and adequately inform the jury of the law.  
Id.
  On appeal, we review jury instructions as a whole, and if they fairly and adequately advise the jury of the law, they are sufficient although parts of them, standing alone, may be erroneous or insufficient.  
Olson v. Griggs Cty. et al.
, 491 N.W.2d 725, 729 (N.D. 1992).

[¶4] Wolf’s first instruction argument is the trial court erred in failing to instruct the jury on a motorist’s statutory duty to signal an intention to turn not less than 100 feet before turning.

[¶5] At trial, Rodney Swallers testified he was also traveling west on Highway 2, and he passed Wolf’s pickup and Seright’s car immediately before the accident.  According to Swallers, Seright’s car was stopped when he passed it, and there were no turn signals blinking on her car, but either the taillights or the brake lights were illuminated.  There also was evidence that shortly before the accident Seright told her husband she was going to visit a family living south of the intersection where the accident occurred.  

According to Wolf, that evidence meant Seright must have intended to turn south, i.e. left, at the intersection.  An investigating highway patrolman found the right blinker on Seright’s car in the “on” position after the accident, and there was evidence the Serights were friends with a family living north, i.e. right, of the intersection.

[¶6] Wolf asked the trial court to instruct the jury that a motorist has a duty under N.D.C.C. § 39-10-38(2),
(footnote: 1) to continuously signal an intention to turn not less than 100 feet before turning.  The court denied Wolf’s request, stating

“THE COURT: I think subsection 2, which talks about the footage, I don’t want to give anything in regards to that.  I don’t believe there’s been enough evidence presented to the jury to decide footage at this point.  I mean, I know there was an expert, but he didn’t really get into footage for turning, so I don’t want to get into that.

*    *    *    *    *

“Just to further state in regards to your exception, that it just seems to me that the footage that we’ve talked about has -- there hasn’t been anything as far as the opinions to the footage as to what or whether a possible signal has been given.  And I just think that would -- this might confuse the jury.

“And we’re going into this case that the jury is going to have some understanding of general rules of the road, or we’d have a book full of jury instructions to give tomorrow on each manner in which you should drive your car.  So I think you have to draw the line in the sand somewhere.  I just think that having the instruction about the signals will be appropriate in that area.”

The court instructed the jury in language following N.D.C.C. § 39-

10-38(1), that no person may turn a vehicle or move right or left upon a roadway without giving an appropriate signal.

[¶7] Wolf contends he was entitled to his requested instruction because evidence Seright violated the distance requirements of the statute could be considered by the jury as evidence of her negligence.  He argues the court’s refusal to instruct on the distance requirements precluded the jury from using evidence that Seright’s turn signal was not activated to decide she was negligent.

[¶8] The evidence establishes both vehicles were traveling west and collided about twenty feet east of the intersection of Highway 2 and a gravel road.  There was also evidence Seright was in the process of turning either left or right at that intersection.  Swallers testified Seright’s turn signal was not activated when he passed the car immediately before the accident.  The violation of a statute is evidence of negligence.  
Ebach v. Ralston
, 510 N.W.2d 604, 611 (N.D. 1994).  In view of Swallers’ testimony, the proximity of the accident to the intersection and the evidence about Seright’s possible destinations, Wolf’s requested instruction would have more fully informed the jury of a driver’s statutory duty to signal an intention to turn.

[¶9] We conclude, however, the court’s refusal to give that instruction, if error, was not reversible error.  Under N.D.R.Civ.P. 61, no error or defect in any ruling by a trial court is a ground for granting a new trial or setting aside a verdict unless the refusal to take such action is inconsistent with substantial justice or affects the substantial rights of the parties.  
See
 
Gowin v. Trangsrud
, 1997 ND 226, ¶20.  Wolf does not dispute the court instructed the jury on a driver’s duty to give an appropriate turn signal.  Wolf’s theory of the case was that Seright was negligent because her car was either stopped in the right-hand lane of Highway 2, or was moving slowly without signaling an intention to turn.  Wolf was not precluded from arguing those scenarios to the jury, or from arguing Seright had not signaled far enough in advance of the contemplated turn to constitute an appropriate signal as the court did instruct.  The court’s instructions allowed the jury to find Seright was negligent if it believed Wolf’s evidence.  Under these circumstances, we are not persuaded the trial court’s failure to instruct the jury about the distance requirements of N.D.C.C. § 39-10-38(2) was inconsistent with substantial justice or affected the substantial rights of the parties.  We therefore hold the trial court’s failure to instruct the jury on that issue was not reversible error.

[¶10] Wolf’s second instruction argument is the trial court’s failure to give a cautionary instruction on pictures introduced by the Estate allowed the jury to infer the road conditions were substantially better when the accident occurred than they actually were.

[¶11] At trial, Wolf presented evidence that when the accident occurred the road conditions and visibility were relatively poor because it was overcast and raining and his windshield was being sprayed with water from Swallers’ vehicle.  The court allowed the Estate to introduce several pictures of the accident scene taken more than a year and a half after the accident.  Wolf objected to the admission of those pictures, contending they did not accurately depict the weather and road conditions, or the time of day or year when the accident occurred.  The trial court, in the presence of the jury, overruled Wolf’s objection, stating those pictures were admitted to show the road when the pictures were taken and not to show the conditions when the accident occurred.  The court indicated the jury was entitled to give the pictures appropriate weight and credibility.

[¶12] Although the court did not formally instruct the jury about the use of those pictures, the jury heard the court’s ruling on the admissibility of the pictures, and the court subsequently instructed the jury it was the sole judge of the weight and credibility of the evidence.  Wolf was not precluded from arguing to the jury that those pictures were not entitled to any weight because they did not reflect conditions when the accident occurred.  We conclude the court’s failure to give a cautionary instruction about those pictures was not error.

[¶13] Wolf contends the trial court erred in admitting a school bus drivers -Cola pickup make a “sudden swerve or a correction” about five miles before the accident.  He argues the testimony was not relevant.

[¶14] Relevant evidence means evidence that reasonably and actually tends to prove or disprove any fact that is of consequence to the determination of an action.  N.D.R.Evid. 401; 
Williston Farm Equip. v. Steiger Tractor, Inc.
, 504 N.W.2d 545, 548 (N.D. 1993).  A trial court has wide discretion in deciding whether proffered evidence is relevant, and we will not reverse a court’s decision to admit or exclude evidence on the ground of relevance unless the court abuses its discretion.  
Id.
 at 548-49.  A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner.  
First Nat’l Bank & Trust v. Brakken
, 468 N.W.2d 633, 636 (N.D. 1991).

[¶15] Wolf’s driving behavior before the accident was probative of the negligence and comparative negligence issues in this action.  Moreover, Wolf opened the door for this evidence when counsel asked a previous witness about Wolf’s driving behavior three miles before the accident.  Under these circumstances, we conclude the trial court did not act arbitrarily, unreasonably, or unconscionably in admitting the school bus driver’s testimony that a Coca-Cola pickup made a “sudden swerve or a correction” about five miles before the accident.

[¶16] Wolf argues the trial court abused its discretion in refusing to exclude expert testimony he claims the Estate failed to disclose during discovery.  Wolf submitted interrogatories to the Estate, requesting the subject matter and substance of its experts’ testimony.  The Estate identified James Grinolds as an accident reconstruction expert and indicated he was expected to testify about the times and distances vehicles travel at various speeds and about whether Wolf had time to take appropriate action to avoid colliding with Seright’s vehicle.  At trial, the Estate elicited testimony from Grinolds regarding the potential coefficient of friction of the asphalt where the accident occurred and stopping distances on that surface.  Wolf objected to that testimony, arguing unfair surprise and failure to disclose or supplement responses to his interrogatories.  Wolf asked the trial court to exclude Grinolds’ testimony on those topics.  The trial court denied Wolf’s request.

[¶17] Parties must fully, completely, and fairly disclose the subject matter on which their expert witnesses will testify at trial and the substance of their expert witnesses’ testimony.  N.D.R.Civ.P. 26(e)(1)(B).  
See
 
Dewitz by Nuestel v. Emery
, 508 N.W.2d 334, 339 (N.D. 1993).  The purpose of the disclosure requirement is to eliminate surprise at trial.  
Id.
; 
Schwartz v. Ghaly
, 318 N.W.2d 294, 299 (N.D. 1982).  A trial court has discretionary authority to decide an appropriate sanction for a party’s failure to supplement interrogatories and may exclude expert testimony that is outside the scope of a party’s answers to interrogatories.  
Kunnanz
, 515 N.W.2d at 175; 
Emery
, 508 N.W.2d at 339.  We review a trial court’s ruling on sanctions for discovery violations under the abuse-of-discretion standard.  
Kunnanz
, 515 N.W.2d at 175; 
Emery
, 508 N.W.2d at 339.

[¶18] Here, the Estate’s answers to Wolf’s interrogatories specifically informed Wolf that Grinolds was expected to testify Wolf would have had sufficient time to take appropriate action to avoid colliding with Seright’s car.  With its interrogatory responses, the Estate attached documents with formulas for calculating coefficients of friction and slide-to-stop distances.  Although the Estate’s answers to Wolf’s interrogatories could have been more detailed, those answers, coupled with the attached documents, belie Wolf’s claim of unfair surprise or prejudice.  
See
 
Schwartz
, 318 N.W.2d at 298-99 (in the absence of surprise or prejudice, trial court did not abuse discretion in refusing to exclude expert testimony).  Under these circumstances, we cannot say the trial court acted arbitrarily, unreasonably, or unconscionably in refusing to exclude Grinolds’ testimony about coefficients of friction and stopping distances.  We therefore hold the trial court did not abuse its discretion.

[¶19] Wolf contends a potential juror’s outburst during voir dire tainted the jury pool, and the trial court failed to cure the prejudicial effect of that outburst.

[¶20] According to Wolf, during unrecorded voir dire, a potential juror responded to questions from Wolf’s counsel by stating society was too litigious and by pointing at Wolf and stating “he got hurt” and pointing at the Seright family and stating “they lost a family member . . . a partner in life . . . [they] lost far more than any money . . . how can this man come to court asking for money.”

[¶21] The record reflects the court dismissed the potential juror for cause and asked the remaining potential jurors if the dismissed potential juror’s responses affected their opinions, or if they held similar beliefs.  None of the remaining potential jurors indicated the dismissed juror’s responses affected their opinion, or they held similar beliefs.  Wolf was afforded an 

opportunity to further examine the remaining potential jurors about the issue.  The court concluded the jury panel had not been tainted and denied Wolf’s motion for a mistrial.  In light of the trial court’s actions, we hold the refusal to grant a mistrial was not arbitrary, unreasonable, or unconscionable and therefore was not an abuse of discretion.

[¶22] Wolf argues the cumulative effect of the errors he has raised requires a new trial.  However, we have concluded the trial court did not err in most of these instances and we are not persuaded the cumulative effect of the errors requires a new trial.  
See
 
Olson
, 491 N.W.2d at 732.  Accordingly, we reject that argument.

[¶23] Finally, Wolf argues the jury’s verdict is against the weight of the evidence.  We review questions of fact tried to the jury in the light most favorable to the jury verdict, and we affirm the jury’s decision if there is substantial evidence to support the verdict.  
Olson
, 491 N.W.2d at 732.  When there is conflicting evidence, we are bound by the jury verdict.  
Id.
  Issues of negligence and issues regarding credibility and weight to be given to the evidence are questions for the jury.  
Hoovestol v. Security State Bank
, 479 N.W.2d 854, 860 (N.D. 1992).

[¶24] Here, there was conflicting evidence about the events before the accident and about Seright’s driving.  Wolf presented the testimony of Swallers which, if believed, indicated Seright had either stopped in the right hand lane of Highway 2, or was turning without using an appropriate turn signal.  The Estate presented evidence challenging the credibility of Swallers’ testimony.  Evidence was also presented, which, if believed, established Seright’s car was moving and she was using an appropriate turn signal.  Wolf testified he never saw Seright’s car.  Wolf’s briefcase was opened in his pickup in a manner suggesting he may have been working on product orders when the accident occurreddo not reweigh conflicting evidence.  
See
 
Olson
, 491 N.W.2d at 732.  The jury could have reasonably found Seright was not negligently operating her car, and, viewing the evidence in the light most favorable to the verdict, we conclude there was substantial evidence to support the jury’s verdict.

[¶25] We affirm the judgment dismissing Wolf’s action.

[¶26] Gerald W. VandeWalle, C.J.

Herbert L. Meschke

Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

FOOTNOTES
1:    
Section 39-10-38, N.D.C.C., provides, in part:

“
Turning movements and required signals.

“1. No person may turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety without giving an appropriate signal in the manner hereinafter provided.

“2. A signal of intention to turn or move right or left when required must be given continuously during not less than the last one hundred feet [30.48 meters] traveled by the vehicle before turning.”