1999 ND 102

**Karen M. EMTER, Plaintiff, Appellee and Cross–Appellant,**

**v.**

**John EMTER, Defendant, Appellant and Cross–Appellee.**

**No. 980306.**

Supreme Court of North Dakota.

June 18, 1999.

**18**

LaRoy Baird, III, Bismarck, for plaintiff, appellee and cross-appellant.

Gregory I. Runge, Bismarck, for defendant, appellant and cross-appellee.

KAPSNER, Justice.

[¶ 1] John Emter appealed from a divorce judgment contending the trial court erred in distributing the marital property and in awarding Karen permanent spousal support and attorney fees. Karen cross-appealed also claiming the trial court erred in dividing the marital property. We conclude the trial court failed to provide an adequate factual basis on the valuation of property to permit review of its division of the marital property, and we therefore reverse and remand for more specific findings of fact.

I.

[¶ 2] John and Karen Emter were married in August 1985. They had no children together, but both had children from previous marriages. Karen's two children lived with the parties in one-half of a duplex purchased by John in 1976. John and Karen rented out the other half of the duplex and used the rental income to pay the $30,000 mortgage which remained on the duplex at the time of the marriage.

[¶ 3] Karen filed for divorce in July 1997 on the grounds of irreconcilable differences. John moved the trial court for an interim order specifying the parties' rights with regard to the duplex. He requested the trial court order him to receive the rentals from the one-half of the duplex being rented out. The trial court decided a detailed interim order was not necessary, but ordered John could begin living in the one-half of the duplex the parties had been renting out, pending final disposition of the divorce.

II.

[¶ 4] John and Karen both contend the trial court erred in distributing the marital property. At the time of the divorce, the parties shared substantial assets, and had no debt. Although John and Karen assert the trial court's distribution was clearly erroneous in general, each focused upon the trial court's manner of awarding the duplex. John contends he should have received the duplex "free and clear" because he bought the duplex before the marriage. Karen claims the duplex should have been sold and the proceeds divided between the parties. Alternatively, Karen asserts the trial court should have awarded her an additional $50,000, one-half of the $100,000 value both assigned to the duplex in the parties' N.D.R.Ct. 8.3 property and debt listing.

[¶ 5] The trial court must equitably distribute the parties' real and personal property when a divorce is granted under N.D.C.C. § 14-05-24. *Fox v. Fox*, 1999 ND 68, ¶ 6, 592 N.W.2d 541; *Kautzman v. Kautzman*, 1998 ND 192, ¶ 7, 585 N.W.2d 561. All of the parties' assets, regardless of the source, must be considered to ensure an equitable distribution of the marital property. *Kautzman*, at ¶ 10 (citation omitted). "A spouse need not make a direct contribution to the acquisition of an asset for it to be included in the marital estate." *Id.* (citation omitted). Although property division need not be equal to be equitable, the trial court must explain any substantial disparity. *Fox*, at ¶ 7. A trial court's determinations on valuation and division of property are treated as findings of fact and will be reversed on appeal only if they are clearly erroneous. *Id.* However, we are unable to apply the clearly erroneous standard of review when we are unable to determine the basis of the trial court's decision.

[¶ 6] Although John and Karen both emphasize the trial court's allegedly erroneous division of one particular asset, this court views the trial court's property division as a whole when deciding whether the distribution was equitable. *See generally Fox v. Fox*, 1999 ND 68, 592 N.W.2d 541. In order to make an equitable distribution, "justice requires use of the elementary accounting equation of assets minus liabilities ... to determine the net worth of the marital property." *Hoge v. Hoge*, 281 N.W.2d 557, 561 (N.D.1979). This court would rarely reverse or remand a case because of the disposition of a single marital asset, if we were able to determine the property division as a whole was equitable. To determine whether the trial court equitably divided the marital property, we must be able to ascertain the trial court's rationale for its decision. *Linn v. Linn*, 370 N.W.2d 536, 541 (N.D.1985) (citation omitted).

[¶ 7] The trial court's entire explanation of property distribution is contained in the following:

Karen will receive the following property as numbered in the Rule 8.3 Property and Debt Listing: ½ of 2; 3; 6; ½ of 7; 13–16; 20–23; 33–43; 48–57 (items will be split if so shown on Listing); 61–67; ½ of 79; 80–92; 94; 95; 102–104; 126; 146; sufficient tools to do basic home repairs; 156; and 157. Karen will also receive the following property listed in the Addendum to Property and Debt Listing: 1 and 3. Karen will also receive one half the debt owed to John by Dale Emter, one half of any rents received by John from rental [of] one or both halves of the duplex, and one half of any proceeds if the duplex is sold in John's lifetime. I will require John to provide an annual accounting to Karen of all rents collected from the duplex.

John will receive all other property.

This distribution leaves John with more assets than Karen. This is primarily because he gets the duplex. John's primary focus at the trial was on the duplex. It is evidently the focus of his life. John also believes a marriage to be little more than a business relationship. This is not so. A marriage is supposed to be a lifetime partnership, with the partners sharing everything equally. The distribution attempts to recognize that John and Karen brought some assets into the marriage, and they accumulated some because of their mutual efforts.

[¶ 8] A trial court's findings of fact should reflect the basis of the court's decision. *See Schmitz v. Schmitz*, 1998 ND 203, ¶ 6, 586 N.W.2d 490. A factual basis is necessary for this court to understand whether a trial court's distribution of marital property is clearly erroneous. *Pfliger v. Pfliger*, 461 N.W.2d 432, 436 (N.D.1990). This court will remand for clarification of missing or conclusory findings of fact if we cannot discern the rationale for the trial court's decision through

inference or deduction. *Pankow v. Pankow*, 371 N.W.2d 153, 158 (N.D.1985). "When neither the findings nor the transcripts of the proceedings disclose the basis for the court's conclusions of law and the decision, we cannot properly perform our appellate court function." *Id.* at 157.

[¶ 9] After reviewing the findings in light of the record and trial transcript, we are unable to ascertain whether the property division in this case was equitable. The trial court concluded its distribution of the marital property left "John with more assets than Karen ... primarily because he gets the duplex." However, the trial court made no findings on property values. It is therefore impossible for this court to know the factual basis of the court's decisions on property distribution. Further, the trial court awarded John the duplex, but ordered Karen to receive "one half of any rents received by John from rental [of] one or both halves of the duplex, and one half of any proceeds if the duplex is sold in John's lifetime." On the face of the trial court's decision, Karen's property interest in the duplex is contingent upon John's unilateral decision to rent or sell the property. It appears Karen has a minimal interest in the duplex so long as John owns it or disposes of it during his life, but there is no way to determine what, if any, interest in the duplex the trial court intended Karen to have when John dies. The trial court's disposition of the duplex would appear to render Karen's interest in it impossible to value. Further, this court has noted when distributing marital property "a court should try to disentangle the parties' financial affairs to reduce further conflict, litigation, and rancor between them." *Fox v. Fox*, 1999 ND 68, ¶ 17, 592 N.W.2d 541.

[¶ 10] Without a clear understanding of the trial court's intent and the value of each party's interest in the duplex and other marital property, this court cannot properly decide whether the overall property division was equitable. We conclude the trial court's failure to articulate an adequate factual basis for its property division renders it impossible to review. We therefore remand for clarification of the findings regarding property distribution. In remanding we do not direct the disposition of any particular asset, including the duplex, since the distribution must be equitable as a whole. We would hope the trial court would be mindful of the difficulties of valuation of the type of uncontrolled interest such as that given to Karen in the duplex. It is also the type of continuing "entanglement" between divorced parties that this court has discouraged. *See Fox v. Fox*, 1999 ND 68, ¶ 17, 592 N.W.2d 541; *Graves v. Graves*, 340 N.W.2d 903, 906 (N.D.1983). The trial court is free to amend its distribution of property, or clarify its intended distribution. In either event, the trial court must give sufficient explanation of values as to permit a reviewing court to determine whether the distribution is equitable.

### III.

[¶ 11] John contends the trial court erred in awarding Karen permanent spousal support. At the time of the divorce, Karen was forty-two years old and employed by the Bismarck Tribune with a gross income of $25,000 a year. John was sixty-one years old and worked as an ironworker. Although he worked only six months during a year, his gross income averaged approximately $35,000 to $40,000 a year.

[¶ 12] When making a spousal support determination, the trial court must consider the relevant factors under the Ruff–Fischer guidelines. *See Kautzman v. Kautzman*, 1998 ND 192, ¶ 9, 585 N.W.2d 561; *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). The guidelines allow the trial court to consider numerous factors including:

> the respective ages of the parties to the marriage; their earning abilities; the duration of the marriage and the con-

duct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical conditions; their financial circumstances as shown by the property owned at the time; its value and income-producing capacity, if any, and whether it was accumulated or acquired before or after the marriage; and such other matters as may be material. *Volk v. Volk*, 376 N.W.2d 16, 18 n. 2 (N.D.1985).

*Kautzman*, 1998 ND 192 at ¶ 9, 585 N.W.2d 561 (citation omitted). The trial court is not required to make specific findings on each factor, but it must specify a rationale for its determination. *Hogue v. Hogue*, 1998 ND 26, ¶ 25, 574 N.W.2d 579.

[¶ 13] Here, the trial court concluded the divorce disadvantaged Karen and awarded her permanent spousal support finding:

> Exhibit 10 shows Karen's income is a little more than $20,000 per year. However, Karen's W–2 for 1996 attached to Exhibit 11 shows an income of more than $25,000 per year. John's income when he works regularly is $35,000 to $40,000 per year. Therefore, there is at least a $10,000 disparity. If John retires, he will have a minimum gross income of $1,439.50 per month (items 10 and 11 on the Listing). This does not include income from the assets he will receive nor Social Security. The evidence leads to the conclusion that John's income will at least equal Karen's even if he retires today. Because Karen will have to establish a new household, because Karen's income is unlikely to increase substantially due to her age, education and stage of life, and because John received substantially more assets than Karen, John will pay Karen $300 per month spousal support beginning June 1, 1998.

[¶ 14] "Questions of property division and spousal support cannot be considered separately or in a vacuum, but must be examined and dealt with together, especially when there is a large difference in earning power between the spouses."

*Fox v. Fox*, 1999 ND 68, ¶ 22, 592 N.W.2d 541. An award of spousal support is a finding of fact that will not be reversed on appeal unless it is clearly erroneous. *Kautzman v. Kautzman*, 1998 ND 192, ¶ 19, 585 N.W.2d 561. However, where the issues of property division and spousal support are expressly interconnected, remand for one must permit reconsideration of the other. Here, the trial court's rationale for awarding Karen permanent spousal support included a statement that "John received substantially more assets than Karen" in the court's property distribution. That statement evidences the trial court's decision to award spousal support was connected to its division of the marital property.

[¶ 15] We are remanding this case for the trial court to clarify its findings regarding the distribution of the parties' marital property. Because matters of property division and spousal support should be considered together, we need not decide whether the trial court's spousal support award was clearly erroneous. The trial court may reconsider its award of permanent spousal support to Karen on remand.

## IV.

[¶ 16] John contends the trial court abused its discretion in awarding Karen attorney fees in the trial court proceedings. The trial court ordered John to pay Karen's attorney fees "due to disparity in income and the property distribution...." The trial court found an approximate difference of $10,000 between the parties' income and stated "John received substantially more assets than Karen."

[¶ 17] A trial court has considerable discretion in formulating an award of attorney fees, and the award will not be overturned unless the complaining party affirmatively establishes the trial court abused its discretion. *Whitmire v. Whitmire*, 1999 ND 56, ¶ 14, 591 N.W.2d 126.

The trial court must consider the parties' needs and ability to pay when considering whether to award attorney fees in a divorce action. *Kjonaas v. Kjonaas,* 1999 ND 50, ¶ 17, 590 N.W.2d 440. "Thus, an award of attorney fees is 'inextricably connected' to the other financial provisions in the decree." *Id.* "An award of attorney fees must generally be supported by evidence upon which the court can determine the requested fees are reasonable and legitimate." *Whitmire,* at ¶ 14.

[¶ 18] We conclude the trial court did not abuse its discretion in awarding Karen attorney fees. However, because the trial court's decision was related to its property distribution, the trial court may reconsider its award of attorney fees on remand.

## V.

[¶ 19] We reverse that part of the trial court's judgment regarding distribution of the marital property and remand for clarification of the court's findings. On remand, the trial court may also reconsider its award of spousal support and attorney fees to Karen.

[¶ 20] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.