2001 ND 123

**Carmen MYER and Beth Myer, parents of Patrick J. Myer, deceased, Plaintiffs and Appellants,**

v.

**Charles O. RYGG, Defendant and Appellee.**

**No. 20000257.**

Supreme Court of North Dakota.

July 10, 2001.

James D. Hovey (appeared), Pearson Christensen, Grand Forks, for plaintiffs and appellants. Argued by Erin M. Diaz, third-year law student.

Patrick R. Morley, Morley Law Firm, Ltd., Grand Forks, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Carmen and Beth Myer, parents of Patrick J. Myer, deceased, appealed the district court judgment dismissing their wrongful death action following a jury trial. A jury allocated an equal share of fault to Patrick Myer, the driver of a motorcycle, and Charles O. Rygg, driver of a pickup truck, for the collision of the two vehicles. The Myers claim the trial court abused its discretion by allowing the investigating police officer to testify that excessive speed of the motorcycle was a contributing factor to the accident because the police officer was not qualified as an expert witness, lacked sufficient foundation for the opinion and was never disclosed as a witness during the discovery process. We affirm.

I

[¶ 2] The motorcycle driven by Patrick Myer and the pick-up truck driven by Charles Rygg collided at an intersection in Grand Forks on June 4, 1996. Patrick Myer was fatally injured. Patrick's parents filed a wrongful death claim against Rygg, asserting the collision occurred as a result of Rygg's negligence.

[¶ 3] At the jury trial, four eyewitnesses to the collision testified. Both parties also had expert witnesses who were certified accident reconstructionists. Each of the accident reconstructionists offered their opinion about the cause of the accident including estimates of the speed the motorcycle was traveling.

[¶ 4] Following the presentation of the Myers' case, Rygg's attorney called as his first witness the police officer who investigated the scene of the accident immediately following the collision. Prior to the officer's testimony, the Myers' attorney raised an objection to the police officer testifying as an expert, saying he had been led to believe Rygg's attorney may elicit a statement from the police officer that would be an expert opinion. Rygg's attorney agreed he intended to ask the police officer whether excessive speed of the motorcycle was a contributing factor in the collision. The Myers' attorney requested the opportunity to voir dire the police officer as an expert witness. The trial court granted the Myers' attorney the opportunity to voir dire the witness. The objection and the voir dire were conducted without the jury present.

[¶ 5] The police officer testified he was a police officer for the City of Grand Forks, with basic and advanced training in

accident investigation. At the time of the accident, he had been a police officer for eleven years, investigating 150 to 175 accidents a year. The police officer agreed he was not a certified accident reconstructionist. Included in the police officer's investigation were observations of the physical evidence at the scene and interviews of eyewitnesses. The Myers' attorney objected to the police officer's testimony, noting he was not listed as an expert witness and asserting he was not competent to render an expert opinion concerning the speed of the motorcycle because he was not an accident reconstructionist and had not done the calculations to determine speed.

[¶ 6] The trial court allowed the police officer to testify excessive speed of the motorcycle was a contributing factor to the collision. Because the police officer had experience in investigating accidents and had conducted the investigations and made the observations, the trial court allowed the testimony limited to whether excessive speed was a contributing factor in the accident. The trial court agreed the police officer had not done scientific calculations to determine precise speed, and therefore questions asking his opinion based on scientific knowledge as to specific speed would be outside the scope of his expertise. However, because of the police officer's experience and training, the trial court concluded he was qualified to render an opinion whether excessive speed of the motorcycle was a contributing factor in the accident.

[¶ 7] At the end of a four-day trial, the jury allocated fifty percent of the fault to each of the parties and the claim was dismissed in favor of Rygg.

## II

[¶ 8] Whether a witness is qualified as an expert is a decision largely within the sound discretion of the trial court. *Kluck v. Kluck*, 1997 ND 41, ¶ 7, 561 N.W.2d 263. The determination by the trial court that an expert witness is qualified will not be reversed on appeal unless that discretion is abused. *Endresen v. Beretta USA Corp.*, 1997 ND 38, ¶ 10, 560 N.W.2d 225. A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Barta v. Hinds*, 1998 ND 104, ¶ 5, 578 N.W.2d 553. Appellate courts are reluctant to interfere with the broad discretion given to the trial courts to determine the qualifications and usefulness of expert witnesses. *Endresen*, 1997 ND 38, ¶ 14, 560 N.W.2d 225.

## III

[¶ 9] The Myers argue the trial court abused its discretion by allowing the investigating police officer to testify excessive speed of the motorcycle was a contributing factor in the collision because the police officer was not properly qualified. Relying on *Stein v. Ohlhauser*, 211 N.W.2d 737, 743 (N.D.1973), the Myers claim the police officer should not "be allowed to testify as an expert until he has been shown to have some degree of expertise in the field in which he is to testify." Despite the police officer's experience and specialized knowledge, the Myers assert the trial court erred in allowing him to testify because he is not a certified accident reconstructionist.

[¶ 10] It is the district court's responsibility to make certain expert testimony is reliable as well as relevant. *Weisgram v. Marley Co.*, 169 F.3d 514, 517 (8th Cir.1999), *aff'd*, 528 U.S. 440, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000). *See* N.D.R.Ev. 702. Expert testimony is ad-

missible whenever specialized knowledge will assist the trier of fact. *Kluck v. Kluck*, 1997 ND 41, ¶ 7, 561 N.W.2d 263. Rule 702 of the North Dakota Rules of Evidence "envisions generous allowance of the use of expert testimony if the witnesses are shown to have some degree of expertise in the field in which they are to testify." *Anderson v. A.P.I. Company of Minnesota*, 1997 ND 6, ¶ 9, 559 N.W.2d 204.

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. N.D.R.Ev. 702.

[¶ 11] In *Stein*, 211 N.W.2d at 739, the trial court granted a new trial concluding it had erred in permitting the expert witness to testify to the precise speed of the car. The trial court granted the new trial because, in its opinion, using the physical damage to the vehicles as a factor in arriving at the opinion the car was traveling just over fifty-one miles per hour immediately prior to braking, was not sound or reasonably scientific. *Id.* The expert based his speed estimate on tests conducted by dropping cars from cranes unto concrete. *Id.* He admitted the tests did not prove how cars behave in actual accidents. *Id.* at 740.

[¶ 12] Stating there was "nothing in the record to show that there is any scientific way to determine speed from crash damage other than gross estimation, based to some extent on experience and judgment" this Court affirmed the trial court's granting a new trial. *Stein*, 211 N.W.2d at 740. Although aware of the tendency to allow more expert testimony, as indicated by the then Proposed Rules of Evidence, this Court recognized these are matters for the trial judge to determine and that no trial judge should yield to a litigant's insistence he be allowed to "use an expert on witchcraft or water-well dowsing or astrology." *Id.* at 742–43. However, this Court clarified:

> And we do not mean to cast any doubt whatever on the admissibility of testimony of eyewitnesses as to speed or to suggest that our ruling should have any bearing on the entirely different question of the admissibility of estimates of speed by persons with entirely different methods of acquiring expertise in the field, such as highway patrolmen or policemen. *Id.* at 742.

[¶ 13] In *Stein* we affirmed the trial court's use of its discretion to grant a new trial conceding it had erred in admitting this particular expert who used questionable methods to determine precise speed. In contrast, we are here asked to hold the trial court abused its discretion in allowing an investigating police officer to make an estimation that excessive speed was a contributing factor in the collision.

[¶ 14] An expert need not be a specialist in a highly particularized field if his knowledge, training, education, and experience will assist the trier of fact. *Kluck*, 1997 ND 41, ¶ 10, 561 N.W.2d 263. The rule does not require an expert to have a formal title or to be licensed in any particular field, but recognizes it is the witness's actual qualifications that count by providing that an expert can be qualified by knowledge, skill, experience, training, or education. *Oberlander v. Oberlander*, 460 N.W.2d 400, 402 (N.D.1990).

[¶ 15] We have previously held a trial court does not abuse its discretion by admitting expert testimony whenever specialized knowledge will assist the trier of fact, even if the expert does not possess a particular expertise or specific certification.

*Botnen v. Lukens,* 1998 ND 224, ¶ 13, 587 N.W.2d 141 (holding trial court did not abuse its discretion by permitting a psychologist to testify with regard to generalities despite the fact the expert had not interviewed or evaluated the child or any party to the litigation); *Anderson,* 1997 ND 6, ¶ 18, 559 N.W.2d 204 (deciding specialist in environmental engineering could testify about his perceptions of medical articles he had read to research asbestos-caused illnesses); *Kluck,* 1997 ND 41, ¶ 10, 561 N.W.2d 263 (agreeing an educated and experienced psychologist could be qualified as an expert to testify about child custody factors); *Endresen,* 1997 ND 38, ¶ 14, 560 N.W.2d 225 (holding the trial court did not abuse its discretion in admitting expert's testimony, treating the expert's lack of direct experience with specific feeding and gas venting system design of semi-automatic weapons as bearing on the weight of his testimony); *Horstmeyer v. Golden Eagle Fireworks,* 534 N.W.2d 835, 837 (N.D. 1995) (holding the trial court did not abuse its discretion by admitting expert who did not have a specialized scientific education in fireworks, but demonstrated extensive knowledge, skill, and experience from his 35 years in the fireworks industry); *Wanner v. Getter Trucking, Inc.* 466 N.W.2d 833, 837 (N.D.1991) (holding the trial court did not abuse its discretion by admitting testimony of expert who, although not familiar with the rigging procedure for a traveling block assembly of an oil rig prior to the case, after studying the information was able to form the opinion that the trucking company did not use the safest available method); *Estate of Aune,* 478 N.W.2d 561, 563–64 (N.D.1991) (holding trial court did not abuse its discretion in allowing decedent's physician, who was not a psychiatrist, to testify about insane delusions); *Oberlander,* 460 N.W.2d 400, 402 (N.D.1990) (holding trial court's per se disqualification of an expert witness based on the lack of a North Dakota psychologist license was an abuse of discretion because "to qualify as an expert, a witness need not be licensed in a given field, let alone licensed in the court's jurisdiction, so long as the witness possesses the requisite knowledge, skill, experience, training, or education in that field"); *Victory Park Apartments, Inc. v. Axelson,* 367 N.W.2d 155, 163 (N.D.1985) (holding the trial court did not abuse its discretion by allowing fire chief to testify in his opinion the fire was caused by a cigarette).

[¶ 16] The question at the center of this appeal was this question Rygg's attorney asked the police officer who investigated the accident:

Q: Based upon your investigation and your experience was excessive speed of the motorcycle a contributing factor in this accident?

A: Yes.

[¶ 17] The police officer had worked for the City of Grand Forks since 1985. The police officer had completed basic training, and was also trained in accident investigation. Investigating between 150 and 175 accidents a year, the officer was in charge of investigating this accident and had personally participated in measuring the skid marks, locating the gouge marks, examining the vehicles and other physical evidence at the scene of the accident, and interviewing the eyewitnesses. Following voir dire of the police officer out of the presence of the jury, the Myers' attorney objected to the police officer being admitted as an expert witness, claiming he lacked foundation and that his opinion was nothing more than what a lay person would say. The trial court overruled the objection concluding:

Well, I think, it's more than what a lay person would testify or could testify to. He's testified that he has experience in

investigating accidents and that he has been to school and he made an investigation at the scene and he made certain observations, not all of which are scientific calculations; but I don't think that is the issue here since it is not precise speed that is being requested of him as far as his opinion but only whether or not excessive speed was a factor in the causation of the collision and as to that sufficient foundation has been made and he will be permitted to respond to that particular inquiry but not as to any scientific speed since I don't believe that would be within his scope of expertise at this point.

[¶ 18] The record supports the trial court's determination the police officer had technical, or other specialized knowledge that would assist the trier of fact to understand the evidence or to determine a fact in issue and the police officer was qualified as an expert by knowledge, skill, experience, training, or education as required by N.D.R.Ev. 702. The trial court limited the police officer's testimony within the scope of his expertise. In light of the generous allowance envisioned by N.D.R.Ev. 702, we hold the trial court did not abuse its discretion by allowing the police officer to testify excessive speed of the motorcycle was a contributing factor in the collision.

### IV

[¶ 19] The Myers also argue, even if the police officer is qualified as an expert, there is insufficient foundation for the police officer's testimony. The Myers claim the police officer based his opinion solely on testimony of eyewitnesses. Comparing this case to *Faries v. Atlas Truck Body Mfg. Co.*, 797 F.2d 619 (8th Cir.1986), a case holding the trial court abused its discretion by admitting the accident report and testimony of a trooper that included an opinion about the cause of the accident based on an interview of an interested eyewitness, the Myers assert the police officer's testimony similarly lacked foundation. However, the Myers misstate the record concerning the basis of the police officer's testimony. During voir dire out of the presence of the jury, the police officer answered yes to a question asking if his opinion would be based solely on interviews with certain eyewitnesses; however, in answer to a follow-up question asked by the Myers' attorney, the police officer clarified the basis for his opinion.

Q. So it would be a fair statement that any opinion you render is based solely on the statements made to you by certain people who may or may not have recalled or seen things accurately, right?

A. It would be based on the information gathered at the scene not only from the witnesses but what is on the street.

In answers to questions asked by Rygg's attorney, the police officer further explained his opinion was based on the physical evidence he observed at the scene such as the skid marks and gouges on the road before the point of impact with the truck. During testimony in the presence of the jury, the police officer testified his personal observations included skid marks, gouges in the pavement, the motorcycle, the pick-up truck, and the location of motorcycle parts and Myer's watch on the road. This is in contrast to the expert opinion in *Faries*, 797 F.2d 619, 623 (8th Cir.1986) which consisted of the opinion concerning the cause of the accident as written in the accident report which contained very little physical data or evidence to support the statement describing the cause of the accident. Rather the investigator's opinion was based largely on statements of an interested witness who was the driver of

the milk truck involved in the accident. *Id.*

[¶ 20] Rule 703 of the North Dakota Rules of Evidence discusses the bases of opinion testimony by experts:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

As we have concluded in previous appeals attacking the basis for an expert's opinion, ordinarily weakness in an expert's opinion affects credibility, not admissibility. *Horstmeyer,* 534 N.W.2d 835, 837 (N.D. 1995); *Wanner,* 466 N.W.2d 833, 837 (N.D. 1991); *Victory Park Apartments, Inc.,* 367 N.W.2d 155, 163 (N.D.1985). The trial court decides the qualifications of the witness to express an opinion on a given topic, but it is the trier of fact whose job it is to decide the expert witness's credibility and the weight to be given to the testimony. *Anderson,* 1997 ND 6, ¶ 9, 559 N.W.2d 204. The trial court did not abuse its discretion by allowing the investigating police officer to testify excessive speed was a contributing factor in the collision.

### V

[¶ 21] Although at trial the Myers noted the police officer was not listed as an expert witness, the basis for their request he be excluded as an expert witness was his lack of qualification to give an opinion on speed. On appeal, the Myers maintain the trial court abused its discretion by failing to exclude the police officer as an expert witness as a sanction for violation of N.D.R.Civ.P. 26(e). The police officer was never disclosed as a potential expert witness during the discovery process; therefore, the Myers contend the police officer should not have been allowed to testify as an expert. Rule 26(e) of the North Dakota Rules of Civil Procedure requires supplementation of discovery responses concerning expert witnesses:

(1) A party is under a duty seasonably to supplement the response with respect to any question directly addressed to

. . . .

(B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony.

The purpose of Rule 26(e) is to eliminate surprise and allow the opposing party a fair opportunity to meet the evidence at trial. *Kjonaas v. Kjonaas,* 1999 ND 50, ¶ 16, 590 N.W.2d 440. We explained the application of the rule in *Dewitz by Nuestel v. Emery,* 508 N.W.2d 334, 339 (N.D. 1993):

Rule 26[ (e) ] does not establish a fixed time prior to trial within which interrogatories must be supplemented so as to be seasonable. The determination as to seasonableness is necessarily a case by case determination, within the sound discretion of the trial judge. To be seasonable, however, the supplemental response must be made a reasonable time before trial taking into account the purpose of the rule which is the elimination of surprise at trial.

[¶ 22] In *Kjonaas,* 1999 ND 50, ¶ 10, 590 N.W.2d 440, we held the trial court abused its discretion by failing to grant a continuance the day before the trial because of discovery abuses. In the circumstances of that case we agreed the failure to grant the continuance denied the other party a fair opportunity to prepare for trial. *Id.* The undisputed facts in *Kjonaas* demonstrated flagrant discovery abuses.

*Id.* at ¶ 14. Curtis Kjonaas lied in interrogatory responses, saying he had not sold any real property when he had sold the farmland. *Id.* He concealed this transaction, failing to provide a financial statement requested in discovery. *Id.* Furthermore, Curtis Kjonaas failed to disclose the expert appraiser's opinion on property values, which varied greatly from the values listed on loan documentation and other sources, until the day before trial. *Id.* Curtis Kjonaas offered no explanation why the land sale information and expert appraisal were not provided to Josephine Kjonaas until the afternoon before trial. *Id.* at ¶ 16. The supplementation did not occur a reasonable period before trial; the denial of a continuance denied Josephine Kjonaas a fair trial and was an abuse of discretion. *Id.*

[¶ 23] In *Glatt v. Bank of Kirkwood Plaza*, 383 N.W.2d 473, 482 (N.D.1986), we also found an abuse of discretion when trial court denied continuance for party to conduct additional discovery to respond to a new appraisal of property disclosed the third day of trial that substantially increased the value of the property. Additionally, in *Glatt*, the verdict was indicative of a high reliance by the jury on the appraisal. *Id.* at 483. The discovery violation in *Glatt* surprised the opposing party, depriving it of the opportunity to meet the evidence at trial. *Id.* at 482. Also, the verdict indicated prejudice resulted from the discovery violation. *Id.* at 483.

[¶ 24] These cases dealt with granting a continuance, a sanction not requested by the Myers in this case. The trial court granted the Myers' request to voir dire the police officer without the jury present, prior to the police officer's testimony. Now, after the verdict, the Myers are requesting a new trial on the basis of the trial court's failure to exclude the expert witness as a sanction to the discovery violation.

[¶ 25] Although the Rules of Civil Procedure do not specifically provide sanctions for failure to supplement discovery, the court has inherent authority to impose sanctions for such violations. *Kjonaas*, 1999 ND 50, ¶ 18 n. 1, 590 N.W.2d 440. *See, e.g., Wolf v. Estate of Seright*, 1997 ND 240, ¶ 17, 573 N.W.2d 161; *Dewitz*, 508 N.W.2d at 339. The court has wide discretion to determine an appropriate sanction. *Id.*

[¶ 26] In *Dewitz*, 508 N.W.2d at 339, we upheld the trial court's exclusion of an expert witness as a discovery violation sanction. In that case the expert witness was disclosed 39 days before trial but the disclosure only provided that the new expert's opinions had not been fully developed. *Id.* at 338. The only other information given was a list of expected opinions that were identical to the list provided for their other two experts. *Id.* We held the trial court did not abuse its discretion by excluding this expert because the disclosure was not "seasonable" and the disclosure was not complete. *Id.* at 340. Additionally, there was no clear showing of material prejudice by the trial court's exclusion of the third expert witness. *Id.*

[¶ 27] The elements of surprise and lack of opportunity to meet the evidence in trial, as seen in *Kjonaas, Dewitz* and *Glatt*, were not present in this case. The police officer was listed as a fact witness. Both parties had deposed the police officer and had access to his investigative report that included his conclusion excessive speed of the motorcycle was a contributing factor to the accident. Although claiming no disclosure of the police officer as an expert, prior to the police officer taking the stand the attorney for the Myers requested the opportunity to voir dire the witness. The Myers had the opportunity to question the police officer and objected to the trial court allowing him to answer the question

whether excessive speed of the motorcycle was a contributing factor in the collision. The substance of the police officer's testimony was known to both parties; his appearance as a fact witness was known to both parties. It is apparent from reading the transcript the defense intended to ask the question as to speed and the plaintiffs were aware the defense intended to ask the question. But, in light of the one question Rygg posed to the officer, Rygg violated N.D.R.Civ.P. 26(e) by not seasonably supplementing the list of expert witnesses.

[¶ 28] Rygg could and should have avoided this part of the dispute by listing the officer as an expert witness. His failure to do so appears to be an attempt to "have it both ways" by eliciting an expert opinion without labeling the officer as an expert and without establishing the officer's qualifications as an expert. However, sanctions for this abuse are granted at the discretion of the trial court, in consideration of the circumstances of the individual case. Given the circumstances of this case, we hold the trial court did not abuse its discretion by allowing the police officer to testify excessive speed of the motorcycle was a contributing factor in the collision.

[¶ 29] We affirm the judgment of the district court dismissing the wrongful death action.

[¶ 30]  DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ.