Ray SCHOCK, Plaintiff and Appellant,

v.

Pablo and Colette RONDEROS, Defendants and Appellees.

Civ. No. 11179.

Supreme Court of North Dakota.

Oct. 15, 1986.

Baer & Asbridge, Bismarck, for plaintiff and appellant; argued by Richard B. Baer.

Pearce & Durick, Bismarck, for defendants and appellees; argued by Gary R. Thune.

ERICKSTAD, Chief Justice.

The plaintiff, Ray Schock (Buyer), appeals from a county court judgment deny-

ing his claim for a return of money paid to the defendants, Pablo and Colette Ronderos (Sellers), and awarding the Sellers damages in the amount of $3,080 plus interest on their counterclaim against Buyer. We affirm the denial of Buyer's claim and reverse the damage award to the Sellers on the counterclaim.

The facts in this case are not in dispute. Buyer negotiated to purchase a mobile home that was owned by and located on the Sellers' property. On April 15, 1985, Buyer appeared at Sellers' home and paid to them the agreed upon purchase price of $3,900. Buyer received a bill of sale and an assurance from Sellers that title to the mobile home would be delivered soon. On that date, with Sellers' permission, Buyer prepared the mobile home for removal. His preparations included the removal of skirting around the mobile home's foundation, removal of the "tie-downs," and removal of the foundation blocks causing the mobile home to rest on the wheels of its chassis.

Buyer intended to remove the mobile home from the Sellers' property on the following Monday, April 22, 1985, and Sellers had no objection to having the mobile home remain on their premises until that time. Located in the mobile home were the Sellers' piano and davenport which they agreed to remove prior to Buyer transporting the home from their premises. They also agreed to have the electricity and natural gas disconnected by that time.

On Friday evening, April 19, 1985, the mobile home was destroyed by high winds as it sat on Sellers' property. Buyer received in the mail a clear certificate of title to the mobile home on April 23, 1985. Thereafter, Buyer brought this action against Sellers for the return of the $3,900 purchase money on the ground that when the mobile home was destroyed the risk of loss was on the Sellers. The Sellers filed an answer alleging that they were entitled to keep the purchase price because the risk of loss had shifted to Buyer on April 15, 1985. Sellers also filed a counterclaim for damages to their piano and davenport which remained in the trailer at the time of its destruction and for the cost of removing the destroyed mobile home from their property.

The trial court, concluding that the risk of loss had passed to Buyer prior to the mobile home's destruction, denied Buyer's claim for return of the purchase price. The trial court also denied Sellers' counterclaim for damages to their personal property, but awarded Sellers $3,080 in damages for the cost of removal of the mobile home from their premises.

On appeal from the judgment Buyer has raised, in essence, the following two issues:

(1) Whether the risk of loss at the time of the mobile home's destruction was on the sellers or the buyer; and

(2) Whether or not the trial court's award of damages for the removal of the mobile home was in error because it was based entirely upon inadmissible hearsay evidence.

■ The issue of which party in this case must bear the loss of the mobile home is determined by the risk of loss provisions under Section 41–02–57, N.D.C.C., which provide in relevant part:

"3. In any case not within subsection 1 or 2, the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant; otherwise the risk passes to the buyer on tender of delivery."

It is undisputed that the Sellers are not merchants; therefore, the risk of loss was on them until they made a "tender of delivery" of the mobile home at which time the risk of loss passed to Buyer. The location or status of the title is not a relevant consideration in determining which party must bear the loss of the mobile home. *Martin v. Melland's Inc.*, 283 N.W.2d 76 (N.D.1979).

Pursuant to Section 41–02–51, N.D.C.C., tender of delivery requires that the seller "put and hold conforming goods at the buyer's disposition...." The trial court determined that there had been payment for and acceptance of the mobile home by Buyer. Within that conclusion is an implic-

it determination that there was a completed tender of delivery by Sellers.

■ The Sellers disconnected the electricity and natural gas to the mobile home prior to its destruction, and nothing remained for them to do as a prerequisite to Buyer's taking possession of the home other than the removal of the piano and davenport. Under the circumstances of this case, we believe that their failure to remove those items did not result in an uncompleted tender of delivery. The Sellers testified that following Buyer's payment for the home on April 15, 1985, Buyer could have removed the home from their premises at any time. They further testified that if Buyer had expressed a desire to remove the home prior to Monday, April 22, 1985, they would have removed the piano and davenport immediately so that he could have done so. The Sellers, consistent with a completed tender of delivery, acquiesced in Buyer's decision to prepare, on April 15, 1985, the mobile home for removal. As part of those preparations Buyer removed the skirting, the tie downs, and the blocks. He also removed and took with him a set of steps to the mobile home. We believe those actions by Buyer constituted an exercise of possession which is consistent with our conclusion that Sellers had tendered delivery of the mobile home to him on that date. Thus, we hold that on April 15, 1985, the Sellers tendered delivery of the mobile home and the risk of loss passed to Buyer. Accordingly, we further hold that the trial court did not err in denying Buyer's claim for return of the $3,900 purchase money.

On the counterclaim, the trial court awarded $3,080 as damages for the cost of removing the mobile home from Sellers' premises. Buyer asserts that such award was based entirely upon inadmissible hearsay evidence and should be overturned. We agree. The only evidence offered by Sellers on the cost of removing the mobile home was a written estimate from "Berg's 24 Hr. Towing" signed by "Kathy L. Noon, Secretary." The trial court admitted that exhibit over Buyer's objection that it was inadmissible hearsay and was offered without adequate foundation. The exhibit was offered through the testimony of Colette Ronderos. She testified that she visited Berg's station and requested a cost estimate for having the mobile home hauled to Bismarck. She also testified that the estimate was prepared and given to her by Berg's secretary, Kathy Noon, and that neither Kathy nor any other person from Berg's personally observed the destroyed mobile home.

■ Hearsay is defined under Rule 801, N.D.R.Ev., as a statement, made by someone other than the testifying witness, which is offered to prove the truth of the matter asserted. Pursuant to Rule 802, N.D.R.Ev., hearsay is inadmissible. The cost estimate offered in this case that was signed by Kathy Noon but introduced through the testimony of Colette is a classic example of inadmissible hearsay. Sellers did not attempt to demonstrate before the trial court that the exhibit constituted a business record or that it fell within any other hearsay exception under Rule 803, N.D.R.Ev. or Rule 804, N.D.R.Ev. We conclude, therefore, that the trial court erred in admitting the cost estimate into evidence.

■ When the trial court is the trier of fact it is generally not reversible error for the court to admit inadmissible evidence unless there is insufficient competent evidence to support an essential finding or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made. *See R & D Amusement Corp. v. Christianson,* 392 N.W.2d 385 (N.D.1986); *Roll v. Keller,* 356 N.W.2d 154 (N.D.1984); *Schuh v. Allery,* 210 N.W.2d 96 (N.D.1973).

■ In this case, the only evidence offered by Sellers to prove the cost of removing the mobile home was the inadmissible hearsay cost estimate. The trial transcript does not indicate that counsel asked Colette to give her personal opinion of the cost of removing the mobile home or that the trial court ruled that such testimony would be

inadmissible. The Sellers, having failed to introduce any admissible evidence of damages for removal of the destroyed mobile home, are not entitled to such damages. Accordingly, we hold that it was reversible error for the court to admit the cost estimate and that the Sellers are therefore not entitled to the damages awarded them on their counterclaim.

In accordance with this opinion that part of the judgment denying Buyer's claim for return of the purchase money is affirmed, and that part of the judgment awarding Sellers $3,080 plus interest on their counterclaim is reversed.

LEVINE and GIERKE, JJ., PEDERSON, Surrogate Justice, and HUNKE, District Judge, concur.

PEDERSON, Surrogate Justice, and HUNKE, District Judge, sitting in place of VANDE WALLE and MESCHKE, JJ., disqualified.