2019 ND 158

| | |
|---|---|
| Interiors by France, | Plaintiff and Appellant |

v.

| | |
|---|---|
| Mitzel Contractors, Inc., d/b/a<br>Mitzel Homes, Mitzel Builders, Inc.,<br>Leeroy Mitzel, an individual, | Defendants and Appellees |

and

| | |
|---|---|
| Eddy Mitzel, an individual, | Defendant |

No. 20180399

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Andrew L. Askew, Bismarck, ND, for plaintiff and appellant.

Tyler J. Siewert (argued), Meggi Ihland (appeared), and David D. Schweigert (on brief), Bismarck, ND, for defendants and appellees Mitzel Contractors, Inc., d/b/a Mitzel Homes, Mitzel Builders, Inc., and Leeroy Mitzel.

**Interiors by France v. Mitzel Contractors, Inc.**

**No. 20180399**

**Jensen, Justice.**

[¶1]    Interiors by France ("IBF) appeals from a district court judgment limiting IBF to a recovery of damages from Mitzel Contractors, Inc. ("MCI") without an award of attorney fees.  IBF contends it was entitled to a recovery of attorney fees under N.D.C.C. § 27-08.1-04, which provides for the mandatory recovery of attorney fees to a prevailing plaintiff following the defendant's removal of a small claims court case to the district court.  We affirm.

I.

[¶2]    IBF initiated a small claims court proceeding on September 28, 2016 naming Mitzel Builders, Inc. ("MBI") and Leeroy Mitzel as the defendants.  IBF alleged it had not been paid for flooring materials and installation of the materials.  MBI and Leeroy Mitzel filed an answer, and Leeroy Mitzel elected to remove the action from small claims court to district court.

[¶3]    On November 16, 2016, after the removal of the case from small claims court to the district court, IBF amended its small claims affidavit to add MCI as a defendant.  On February 23, 2017, MBI, Leeroy Mitzel, and IBF stipulated to allowing IBF to file amended pleadings naming MCI as the sole defendant.  IBF amended its pleadings again on November 1, 2017 to allege causes of action against the original defendants MBI and Leeroy Mitzel, and causes of action against Eddy Mitzel.

[¶4]    On June 29, 2018, MCI signed a confession of judgment and agreement authorizing the entry of a judgment against MCI in the amount of $18,967.02 in favor of IBF and dismissing, with prejudice, its claims against MBI, Leeroy Mitzel, and Eddy Mitzel.  The agreement also provided IBF and MCI would resolve the attorney

1

fees issue through a separate motion to be filed with the district court. MBI, Leeroy Mitzel, and Eddy Mitzel were not included in the stipulated schedule for resolution of the anticipated motion for attorney fees that was part of the confession of judgment and agreement executed by the parties.

[¶5] On July 3, 2018, IBF moved for an award of $66,968.00 in attorney fees asserting N.D.C.C. § 27-08.1-04 provides for the mandatory recovery of attorney fees to a prevailing plaintiff following the removal of a small claims court proceeding to the district court. On August 27, 2018, the district court issued an order denying the motion for attorney fees. In summary, the court held MCI was not part of the small claims court proceedings, MCI was not "the defendant" that elected to remove the case to the district court, and the clear and unambiguous language of N.D.C.C. § 27-08.1-04 did not require an award of attorney fees against a defendant who was not part of the small claims court proceedings and who did not elect to remove the proceedings to the district court. A judgment limited to the damage award provided in MCI's confession of judgment was entered on August 29, 2018. On appeal, IBF argues the district court erred in denying its motion for attorney fees.

II.

[¶6] IBF argues the district court erred in interpreting N.D.C.C. § 27-08.1-04 when denying its motion for attorney fees. Section 27-08.1-04, N.D.C.C., reads as follows:

> If the defendant elects to remove the action to district court, the defendant must serve upon the plaintiff a notice of the removal and file with the clerk of the court to which the action is removed a copy of the claim affidavit and the defendant's answer along with the filing fee, except for an answer fee, required for civil actions. <u>If the defendant elects to remove the action from small claims court to district court, the district court shall award attorney's fees to a prevailing plaintiff</u>.

(Emphasis added.)

[¶7] IBF seeks an award of attorney fees against MCI. MCI is the defendant subject to the judgment and the only defendant not dismissed from the proceedings

2

by IBF. IBF concedes MCI was not part of the small claims court proceedings, and MCI was not the defendant who elected to remove the case to the district court. IBF contends the fee-shifting provision of N.D.C.C. § 27-08.1-04 should apply against MCI, because IBF is a prevailing plaintiff and the recovery of attorney fees is mandatory. Alternatively, IBF argues MBI and Leeroy Mitzel should be required to pay IBF's attorney fees because they were the parties responsible for removing the action from small claims court to district court.

[¶8] IBF argues the district court erred in finding N.D.C.C. § 27-08.1-04 to be unambiguous. IBF asserts because the statute is ambiguous, the court should have looked to the legislative intent while interpreting N.D.C.C. § 27-08.1-04.

[¶9] In *Bindas v. Bindas*, this Court described its rules for statutory interpretation:

> Statutory interpretation is a question of law, which is fully reviewable on appeal. The primary purpose of statutory interpretation is to determine the intention of the legislation. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. If the language of a statute is clear and unambiguous, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute.

2019 ND 56, ¶ 10, 923 N.W.2d 803 (citations and quotations omitted).

[¶10] A statute will be considered ambiguous if it has multiple, reasonable interpretations. *Apple Creek Twp. v. City of Bismarck*, 271 N.W.2d 583, 586-87 (N.D. 1978). "We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted." *Chisholm v. State*, 2014 ND 125, ¶ 9, 848 N.W.2d 703.

[¶11] IBF promotes an interpretation that is not reasonable under a plain reading of N.D.C.C. § 27-08.1-04. Section 27-08.1-04, N.D.C.C., provides that a prevailing plaintiff is entitled to a recovery of attorney fees if "the defendant" elects to remove

3

a matter from small claims court to the district court. "The defendant" is used four separate times within N.D.C.C. § 27-08.1-04. Each time the phrase "the defendant" is used, it is an unambiguous reference to the defendant in the pending small claims court proceedings.

[¶12] Construing N.D.C.C. § 27-08.1-04 as applying to MCI would be an absurd or ludicrous result. The interpretation suggested by IBF would require us to believe the legislature intended parties who were not named in a small claims court proceeding and had no control of the removal decision, to be responsible for mandatory attorney fees.

[¶13] IBF suggests limiting the mandatory recovery to a defendant who elects to remove a case to the district court could lead to misuse if multiple defendants are sued by allowing one defendant who may not have liability to elect to remove a case to protect another defendant with liability. IBF argues that is essentially what happened in this case, although we note that ultimately all of the small claims court defendants were dismissed in this case. While in this instance the parties are related, there was nothing preventing IBF from suing MCI in small claims court. IBF could have initially sued MCI in small claims court or later dismissed the proceedings to reinitiate the proceedings in small claims court after its discovery it had sued the incorrect parties. Instead, IBF chose to amend the complaint to include MCI (and other new parties) in the district court, and ultimately dismissed all of the small claims court defendants. If IBF had believed the defendants were somehow acting in concert to avoid the imposition of attorney fees, it should not have dismissed all of the defendants, except MCI.

[¶14]   An award of attorney fees to a prevailing plaintiff under N.D.C.C. § 27-08.1-04 does not extend to parties who were not part of the original small claims court proceedings.  We affirm the judgment of the district court.

[¶15]   Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.