# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 185

Mark Klein,                                        Plaintiff and Appellant

v.

The Estate of Sarah Luithle,                       Defendant and Appellee

No. 20180433

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Jeffrey S. Weikum, Bismarck, N.D., for plaintiff and appellant.

Scott K. Porsborg (argued) and Austin T. Lafferty (appeared), Bismarck, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]     Mark Klein appeals a judgment following a jury verdict awarding him compensatory damages resulting from a vehicular accident. Klein appeals, arguing the district court incorrectly struck the entirety of his expert witness's testimony from the record and improperly excluded testimony from two other expert witnesses under N.D.R.Ev. 702 and 703. We reverse and remand for a new trial.

I

[¶2]     Klein and Sarah Luithle were in a vehicular accident in 2011. Luithle died in 2014 from unrelated causes. The case was tried before a jury in August 2018. Prior to trial, Luithle's Estate moved the district court to exclude two of Klein's witnesses, Reg Gibbs and Scott Stradley, Ph.D., arguing their testimony and opinions did not meet the requirements of N.D.R.Ev. 702 and 703. The court denied the motion, stating the arguments raised by Luithle's Estate went to the credibility of the experts, not to the admissibility of their testimony. On the second day of trial, Bill Rosen, M.D., testified as Klein's medical expert witness. After Dr. Rosen testified, Luithle's Estate moved to strike part of Dr. Rosen's testimony, arguing it did not meet the reasonable degree of medical certainty standard and was therefore speculative and inadmissible. After acknowledging Klein's continuing objection, the court struck all of Dr. Rosen's testimony. The court also excluded proposed testimony from Gibbs and Stradley because it held there was a lack of foundation for these experts to testify without Dr. Rosen's testimony. The jury determined Klein was 25% at fault and Luithle was 75% at fault for the accident that caused Klein's injuries. Klein was awarded compensatory damages. The two issues on appeal are whether the district court erred (1) by striking Dr. Rosen's testimony under N.D.R.Ev. 702, and (2) by not permitting Gibbs and Dr. Stradley to testify.

[¶3] "The district court has broad discretion whether to allow expert witness testimony, and its decision will not be reversed on appeal unless it abused its discretion." *Lenertz v. City of Minot*, 2019 ND 53, ¶ 17, 923 N.W.2d 479. A district court "abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned decision." *State v. Campbell*, 2017 ND 246, ¶ 6, 903 N.W.2d 97. "[T]he probative effect and admissibility of evidence is a matter for the trial court's discretion." *Lenertz*, at ¶ 17. Usually, "[r]elevant evidence is admissible." N.D.R.Ev. 402. Yet, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice" or other evidentiary considerations. N.D.R.Ev. 403. "It is the district court's responsibility to make certain expert testimony is reliable as well as relevant." *Myer v. Rygg*, 2001 ND 123, ¶ 10, 630 N.W.2d 62. Even if the district court errs, "no error in admitting or excluding evidence . . . is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order," unless, because the party's substantial rights were affected, justice so requires. N.D.R.Civ.P. 61; *see also* N.D.R.Ev. 103(a) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party."). This Court "appl[ies] this deferential standard of review to provide trial courts with greater control over the admissibility of evidence." *Davis v. Killu*, 2006 ND 32, ¶ 6, 710 N.W.2d 118.

[¶4] Dr. Rosen was Klein's medical expert. His testimony was necessary to support Klein's claim for past and future medical damages. *Condon v. St. Alexius Medical Center*, 2019 ND 113, ¶ 18, 926 N.W.2d 136; *Symington v. Mayo*, 1999 ND 48, ¶ 9, 590 N.W.2d 450 ("To recover future medical expenses, a plaintiff has the burden of showing substantial evidence to establish with reasonable medical certainty future medical services are necessary."). At the conclusion of the direct examination of Dr.

Rosen's testimony, the attorney for Luithle's Estate moved to strike "at least part of Mr. Rosen's testimony." Counsel and the court discussed whether Dr. Rosen's testimony established a reasonable degree of medical certainty. The court struck all of Dr. Rosen's testimony although it had initially said it was going to strike only part of the testimony.

> Court: "[W]hen I say the testimony of Dr. Rosen is struck, it's struck to the extent that he offered testimony that was outside of his expertise. But, I mean, he said I saw the patient, I talked to him. You're not suggesting that I strike his testimony in that regard?
> Attorney for Luithle's Estate:  Well, any medical opinions.
> Court:  That's where it would be.
> Attorney for Luithle's Estate:  Right.
> Court:  All right.

Later the court told counsel in chambers that it had "made several rulings essentially ruling that Dr. Rosen's testimony from a medical standpoint would be struck, given the reality that he offered no opinion to a reasonable degree of medical certainty." And again, "Dr. Rosen's testimony is struck, that is the medical testimony." But when the court addressed the jury on the record it stated:

> [T]he testimony of Dr. Rosen, . . . based on legal reasoning by this Court, is hereby struck. You as jurors are not to consider that testimony when you deliberate, and the attorneys will not reference nor will they argue that testimony in their closing remarks to you. So you're to put that testimony out of your mind.

Thus, all of Dr. Rosen's testimony was stricken.

[¶5]    Even if some of Dr. Rosen's testimony was properly excluded, striking all of the testimony was overbroad. *See Central Telecommunications, Inc. v. TCI Cablevision, Inc.*, 610 F. Supp. 891, 906 (W.D. Mo. 1985) ("motion to strike *all* of the witness' testimony was overbroad" where the "vast majority" of the testimony was admissible); *Fost v. Marin County Superior Court*, 95 Cal. Rptr. 2d 620, 628 (Cal. Ct. App. 2000) ("Striking a witness' entire testimony is, of course, a drastic solution, only to be employed after less severe means are considered." (internal quotations omitted)); *People v. Siegel*, 663 N.E.2d 872, 875 (N.Y. 1995) ("striking the witness' entire

3

testimony is considered the most drastic relief"); *see also People v. Seminoff*, 71 Cal. Rptr. 3d 582, 587 (Cal. Ct. App. 2008) ("The court should also consider if less severe remedies are available before employing the 'drastic solution' of striking the witness's entire testimony. These include striking part of the testimony." (internal quotations and citations omitted)). Parts of Dr. Rosen's testimony did not pertain to future or continuing necessary medical expenses and thus these parts were both relevant and admissible without regard to whether the testimony supported a reasonable degree of medical certainty. *See Griffin v. General Motors Corp.*, 403 N.E.2d 402, 404-05 (Mass. 1980) ("The defendant's motion to strike the expert testimony was overbroad, since it was relevant, as the judge pointed out, to supply possible explanations."). The motion to strike was for part of Dr. Rosen's testimony relating to certain identified issues. Dr. Rosen testified to a few items as being reasonable and necessary. For example, he testified that medical care for Klein's injury following the accident including both current and ongoing physical therapy was reasonable and necessary. Dr. Rosen also testified about observations he made when he physically examined Klein. The "reasonable degree of medical certainty" standard applies to future medical expenses, not past or present facts. *See Condon*, 2019 ND 113, ¶ 18, 926 N.W.2d 136. The court struck more testimony than the motion requested, including relevant, admissible evidence. The court erred by striking testimony about past treatment and observations along with testimony about the future treatment that was the focus of the issues identified in the objection.

[¶6] Striking testimony wholesale when part of the testimony is admissible may be an abuse of discretion by the court. *C.f. Arkansas Louisiana Gas Co. v. James*, 692 S.W.2d 761, 764 (Ark. Ct. App. 1985) ("a motion to strike the entire testimony of a witness is properly denied where any part of that testimony is admissible"). The court did not give the jury an opportunity to weigh the credibility or the weaknesses of Dr. Rosen's testimony, which this Court has previously stated is the jury's role regarding expert witnesses. *See Myer*, 2001 ND 123, ¶ 20, 630 N.W.2d 62. Also, this case

4

differs from those cases where a court struck a witness's testimony as a sanction for refusal to answer questions on cross-examination. *See, e.g.*, *Fost*, 95 Cal. Rptr. 2d 620; *Seminoff*, 71 Cal. Rptr. 3d 582; *Siegel*, 663 N.E.2d 872. Because the district court struck more testimony than requested and some of the testimony was admissible, the act of striking the entire testimony was overbroad and an abuse of discretion.

[¶7]    "It is not an abuse of discretion for a judge to make sua sponte evidentiary rulings under certain circumstances." *Vachon v. Pugliese*, 931 P.2d 371, 381 (Alaska 1996); *see* 1 Kenneth S. Broun, *McCormick on Evidence* § 55 (7th ed. 2016) (The party's failure to object "does not preclude the trial judge from excluding the evidence on her own motion if the prospective witness is incompetent or the evidence is inadmissible, and the judge believes the interests of justice require the exclusion of the testimony."). But a judge should intervene only "when the evidence is irrelevant, unreliable, misleading, or prejudicial, as well as inadmissible." *Id*. "A judge should not intervene if the evidence is reliable and valuable." *Vachon*, at 381; *see also* 1 Broun, *supra*. Because the district court took it upon itself to strike the entire testimony, when some of the testimony was admissible, and the court did not explain its decision to sweep so broadly, the court abused its discretion. *See FLRA v. United States DOJ*, 395 F.3d 845, 850-51 (8th Cir. 2005) (concluding "a broad, unguided order is arbitrary and an abuse of discretion" where the order related to an entire document and should have been limited to only the relevant sections).

[¶8]    Klein's substantial rights were affected because his medical expert's testimony was completely struck and Klein was significantly limited in proving both past and future damages. Additionally, the matter of medical expenses was a major issue at trial, and exclusion of Klein's only medical expert left him to rely solely on the medical witness called by Luithle's Estate. Therefore, we remand for a new trial. Because we are remanding for a new trial as a result of the error in striking all of Dr. Rosen's testimony, we need not reach the arguments regarding the court's exclusion of Gibb's and Dr. Stradley's testimonies. On retrial, the district court must determine

5

whether there is sufficient foundation for that testimony in consideration of the medical testimony presented at that time.

III

[¶9]    We reverse the district court judgment and remand for a new trial.

[¶10]   Jerod E. Tufte
      Daniel J. Crothers
      Lisa Fair McEvers
      Jon J. Jensen
      Gerald W. VandeWalle, C.J.