# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 225

| | |
|---|---|
| Titan Machinery, Inc., | Plaintiff and Appellee |
| v. | |
| Renewable Resources, LLC, | Defendant and Third-Party Plaintiff and Appellee |
| v. | |
| Shawn Kluver and Little Knife Disposal, LLC, | Third-Party Defendants and Appellants |
| -------------- | |
| Titan Machinery, Inc., | Plaintiff and Appellee |
| v. | |
| Shawn Kluver, | Defendant and Third-Party Plaintiff and Appellant |
| v. | |
| Renewable Resources, LLC, | Third-Party Defendant and Appellee |

### No. 20200021

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

James M. Cailao (on brief), Moorhead, Minnesota, and Jon R. Brakke (on brief), Fargo, North Dakota, for Titan Machinery, Inc.

Jonathan P. Sanstead (argued), Bismarck, North Dakota, for Renewable Resources, LLC.

Ariston E. Johnson (argued), Watford City, North Dakota, for Shawn Kluver and Little Knife Disposal, LLC.

**Tufte, Justice.**

[¶1]   Shawn Kluver and Little Knife Disposal, LLC, appeal from a district court judgment ordering them to pay $140,042.83 to Titan Machinery, Inc., and $100,731.62 to Renewable Resources, LLC. We affirm.

I

[¶2]   In 2016, Kluver was the general manager of Renewable Resources, which was in the business of oilfield waste disposal. On June 21, 2016, "at Kluver's request and direction," Renewable Resources leased a Case excavator and other equipment from Titan. Renewable Resources leased the Case excavator after its John Deere excavator required repairs. The rental agreement for the Case excavator showed an estimated return date of June 28, 2016. Kluver also executed a credit application and personal guaranty with Titan to ensure Renewable Resources' payment obligations under the rental agreement. Renewable Resources made all payments under the rental agreement from June 21, 2016, to December 6, 2016. No additional rental payments were made.

[¶3]   In February 2017, while still employed by Renewable Resources, Kluver executed the operating agreement of Little Knife Disposal, LLC, as its sole member. Little Knife was also in the business of oilfield waste disposal.

[¶4]   After Renewable Resources failed to make rental payments, Titan retrieved the Case excavator in October 2017. The excavator was damaged during the lease, and the excavator's bucket was missing. In November 2017, Titan sued Renewable Resources for damaging the equipment and failing to pay the balance due under the rental agreement. In January 2018, Renewable Resources filed a third-party complaint against Kluver and Little Knife, claiming they wrongfully used the equipment leased from Titan and did not reimburse Renewable Resources. Renewable Resources requested that Kluver

and Little Knife indemnify Renewable Resources for their use of the equipment. In October 2018, Titan obtained a $140,042.83 money judgment against Renewable Resources. In January 2019, Titan sued Kluver, claiming that under the personal guaranty he was liable for Renewable Resources' debt to Titan. Kluver denied Titan's allegations and brought a third-party complaint against Renewable Resources, asserting Renewable Resources should indemnify him for any amounts he was required to pay to Titan.

[¶5]   After a November 2019 trial, the district court found Kluver and Little Knife benefited from the equipment leased by Renewable Resources. The court found, "Kluver's use of the leased equipment without authorization resulted in $100,731.62 in additional costs to Renewable Resources." The court also concluded Kluver was liable under the personal guaranty for all of Renewable Resources' obligations under the rental agreement with Titan. The court ordered a $140,042.83 judgment against Kluver and Little Knife in favor of Titan. The court also ordered a $100,731.62 judgment against Kluver and Little Knife in favor of Renewable Resources "to indemnify Renewable for all damages, interest, attorney's fees, and costs awarded to Titan and against Renewable."

[¶6]   Kluver and Little Knife appealed the judgment. Before oral argument, Kluver and Little Knife dismissed their appeal against Titan. This appeal involves the issues between Kluver, Little Knife, and Renewable Resources.

II

[¶7]   After a bench trial, this Court applies the following standard of review:

> In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made. In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its

2

credibility determinations. Findings of the trial court are presumptively correct.

*Gimbel v. Magrum*, 2020 ND 181, ¶ 5, 947 N.W.2d 891 (quoting *Larson v. Tonneson*, 2019 ND 230, ¶ 10, 933 N.W.2d 84) (cleaned up).

III

[¶8] Kluver and Little Knife argue the district court erred in finding they benefited from the equipment leased by Renewable Resources. They claim there was no evidence they received a benefit from the Case excavator leased by Renewable Resources and the court erred in ordering them to indemnify Renewable Resources.

[¶9] Renewable Resources argues that the long-term lease of the Case excavator allowed Kluver and Little Knife to benefit by using Renewable Resources' equipment at the Little Knife site. Renewable Resources claims that Kluver, as its agent, continued the Case lease beyond the time after which the John Deere excavator had been repaired, thus allowing Little Knife and Kluver to benefit by using Renewable Resources' John Deere instead of returning the Case to Titan. Renewable Resources asserts Kluver and Little Knife also used the Case excavator at the Little Knife site.

[¶10] "Indemnity is an equitable remedy which permits a party to recover reimbursement from another for the discharge of a liability that, as between the two parties, should have been discharged by the other." *Superior, Inc. v. Behlen Mfg. Co.*, 2007 ND 141, ¶ 11, 738 N.W.2d 19. As an equitable doctrine, indemnity is not amenable to hard and fast rules, and the application of indemnity depends on the facts of each case. *Id.*

[¶11] "A right of indemnity may arise by express agreement or by implication." *Grinnell Mut. Reinsurance Co. v. Ctr. Mut. Ins. Co.*, 2003 ND 50, ¶ 40, 658 N.W.2d 363. Where, as here, there is no express contractual duty for indemnification, indemnity nonetheless may be recovered if the evidence establishes an implied contract or if one party is exposed to liability by the

action of another party who, in law or in equity, should make good the loss of the other. *Id.*

[¶12] Here, the district court found that "[t]he preponderance of the evidence demonstrates that Kluver and Little Knife benefitted from the Leased Equipment from February 17, 2017 until it was returned on October 10, 2017." The court found "Kluver's use of the leased equipment without authorization resulted in $100,731.62 in additional costs to Renewable Resources." The district court concluded:

> Shawn Kluver was, at all relevant times, the manager of Renewable and in such position wrongfully directed the Leased Equipment be used by Little Knife Disposal and continue to be rented from Titan. Mr. Kluver owed a duty to Renewable Resources to act in the best interests of Renewable and to not undertake any wrongful acts for the benefit of himself and to the detriment of Renewable. N.D.C.C. § 34-02-14. In addition, Shawn Kluver owed a duty to Renewable Resources to use ordinary diligence to keep Renewable Resources informed of his acts. N.D.C.C. § 3-02-12.
>
> Shawn Kluver breached his duties to Renewable by directing the Leased Equipment to be transferred to and used at the Little Knife Disposal site and to continue to lease it from Titan when such acts were to exclusively benefit the Little Knife Disposal, a company Mr. Kluver solely owned. Further, Kluver never informed Renewable Resources that he was or would be the sole owner of Little Knife Disposal or that the continued leasing of the Case excavator from Titan was benefitting only himself and his company, Little Knife Disposal.

[¶13] The district court concluded that on the basis of the evidence, Kluver violated N.D.C.C. § 34-02-14, which provides, "An employee who has any business to transact on the employee's own account similar to that entrusted to the employee by the employee's employer shall give the latter the preference always." The court also concluded Kluver violated N.D.C.C. § 3-02-12, requiring an agent to keep his or her principal "informed of the agent's acts in the course of the agency."

4

[¶14] Kluver testified he last saw the Case excavator at the Renewable Resources site in October 2017. He testified he did not direct anyone to move the Case excavator to the Little Knife site. Kluver testified that from January to October 2017, he had Renewable Resources' employees perform services for Little Knife. He testified the employees were paid by Renewable Resources. Kluver testified he used Renewable Resources' equipment at Little Knife, including the John Deere excavator. A former Renewable Resources' employee also testified the John Deere was used at the Little Knife site.

[¶15] Other individuals offered testimony contradicting Kluver's testimony about whether the Case excavator was at the Little Knife site. Jeff Bennett, a Renewable Resources employee, testified he saw the Case excavator being used at the Little Knife site in August 2017. Bennett testified he asked Kluver about the need to continue the Case lease, and Kluver told him the Case was needed at Little Knife. Former Renewable Resources employee David Lees testified he recalled seeing the Case excavator at the Little Knife site. Lees stated he believed Renewable Resources no longer needed the Case excavator after December 2016.

[¶16] Titan representative Brandon Messer testified he did not know the exact location where the Case excavator was picked up in October 2017, but stated "we determined that it was probably in the hands of [Kluver] at the time." Messer testified the Case was not picked up at the Renewable Resources site. He testified the Case was missing the bucket when it was retrieved.

[¶17] The district court found that because of Renewable Resources' poor recordkeeping and contradictory testimony, it was "impossible to reconstruct what pieces of equipment were at the [Renewable Resources] site or the Little Knife site and when the pieces of equipment were at the sites. It is also impossible to establish when the John Deere excavator was operable and when it was broken down." Therefore, the court found Kluver began benefiting from the leased Case excavator on February 17, 2017, when he executed Little Knife's operating agreement.

[¶18] Kluver testified that although he did not use the Case excavator, he and Little Knife benefited by using Renewable Resources' employees and equipment. Others testified that the Case was used at the Little Knife site after it was no longer needed by Renewable Resources. After reviewing the record, we conclude the district court's findings are supported by the evidence and are not clearly erroneous. We are not left with a definite and firm conviction a mistake was made.

IV

[¶19] Kluver argues the district court erred by failing to require Renewable Resources to indemnify him for his liability under the personal guaranty with Titan. Kluver claims Renewable Resources received a benefit from its use of the Case excavator and he should not be liable for the full amount of Renewable Resources' debt to Titan.

[¶20] The district court found the Case excavator benefited Renewable Resources during its use of the excavator. However, the court also found Renewable Resources paid the rentals for the Case excavator until December 6, 2016. To the extent the court found Renewable Resources benefited from the Case excavator after December 6, 2016, the court concluded Kluver was liable for Renewable Resources' obligations to Titan under the personal guaranty executed by Kluver. Additionally, the court found Kluver and Little Knife were required to indemnify Renewable Resources for their benefit from the leased equipment. Because the court ordered Kluver and Little Knife to indemnify Renewable Resources, it impliedly found Renewable Resources was not required to indemnify Kluver for the amounts due to Titan. We have concluded the court's findings of fact relating to Kluver's and Little Knife's indemnification of Renewable Resources are not clearly erroneous; therefore, we need not address Kluver's argument that Renewable Resources should indemnify him.

[¶21] Kluver's and Little Knife's remaining arguments are not necessary to our decision or are without merit. The judgment is affirmed.

[¶22] Jerod E. Tufte
     Gerald W. VandeWalle
     Lisa Fair McEvers
     Daniel J. Crothers
     Jon J. Jensen, C.J.