# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 59

| | |
|---|---|
| Command Center, Inc., | Plaintiff |
| v. | |
| Renewable Resources, LLC, | Defendant and Appellee |
| and | |
| Shawn Kluver and Little Knife Disposal, LLC, | Defendants and Appellants |
| and | |
| Renewable Resources, LLC, | Third-Party Plaintiff and Appellee |
| v. | |
| Shawn Kluver and Little Knife Disposal, LLC, | Third-Party Defendants and Appellants |

## No. 20200017

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Jonathan P. Sanstead, Bismarck, ND, for defendant and appellee Renewable Resources, LLC.

Ariston E. Johnson, Watford City, ND, for defendants and appellants Shawn Kluver and Little Knife Disposal, LLC.

# Command Center v. Renewable Resources
## No. 20200017

**VandeWalle, Justice.**

[¶1]   Shawn Kluver and Little Knife Disposal, LLC ("Little Knife"), appealed from an amended judgment entered after a bench trial that awarded Command Center, Inc., monetary damages, interest, attorney's fees and costs against Renewable Resources, LLC, and Kluver, jointly and severally. The amended judgment also awarded Renewable Resources damages and interest against Kluver and Little Knife, jointly and severally, and ordered them to indemnify Renewable Resources for all damages, interest, attorney's fees, and costs awarded to Command Center. We affirm.

I

[¶2]   Command Center is a Washington corporation authorized to do business in North Dakota and provides temporary labor services. Renewable Resources is a North Dakota limited liability company that had previously engaged in the treatment of oilfield waste until the loss of its permit and decommissioning of its plant in September 2016. Little Knife is a North Dakota limited liability company engaged in the operation of a treatment plant near Mandaree, North Dakota, and Kluver is the sole owner of Little Knife.

[¶3]   In September 2018, Command Center commenced this action against Renewable Resources in small claims court, claiming unpaid amounts totaling $14,631.20, which included principal of $13,423.12 and interest of $1,208.08, relating to temporary labor services that Command Center provided under agreements with Renewable Resources. Renewable Resources removed the case to district court and answered the claim affidavit.

[¶4]   Command Center obtained leave of court to file an amended complaint, also naming Kluver and Little Knife as additional defendants. Kluver had been the manager of Renewable Resources. The amended complaint alleged claims against the various defendants for breach of contract, quantum meruit, and unjust enrichment. Although Renewable Resources was billed and had paid Command Center $20,000 for the temporary labor services, Renewable

1

Resources alleged that the temporary labor services were provided for the benefit of Little Knife, which was Kluver's company, and that Kluver did not have authority to contract on behalf of Renewable Resources for the temporary labor services that benefited Little Knife.

[¶5]   Renewable Resources, Kluver, and Little Knife answered the amended complaint. Renewable Resources also brought a third-party complaint against Kluver and Little Knife, alleging claims for indemnification, unjust enrichment, and breach of duty of loyalty. While the third-party defendants served and filed an answer, Renewable Resources did not file its third-party complaint in the district court. The third-party complaint was, however, filed as an exhibit to Command Center's motion to amend its complaint.

[¶6]   In June 2019, the district court held a bench trial. After trial, the court issued an opinion finding in favor of Command Center on its claims and in favor of Renewable Resources on its third-party claims. The court made extensive findings supporting its decision.

[¶7]   The district court found that, in December 2016, Kluver contacted Miles Vondra, a former safety manager at a sister company of Renewable Resources, directing Vondra to hire temporary labor from Command Center to assist in the cleanup at the Branch Energy/Little Knife Disposal ("Branch Energy") site. The court found that Kluver had instructed Vondra to use Renewable Resources' name when contracting with Command Center and that the Branch Energy site was being managed by Kluver or leased by his company Little Knife. On December 21, 2016, Vondra entered into written agreements with Command Center in the name of Renewable Resources, the terms of which established the finance charge on balances that remained unpaid and an agreement to pay Command Center "all attorneys' fees, court costs and any other costs incurred in the process of collection" of unpaid balances.

[¶8] Command Center began providing temporary labor under its agreements with Renewable Resources in December 2016. Under Command Center policy, each Command Center laborer was required to have a work ticket signed by a supervisor confirming the performance of the requested

work. The work tickets introduced at trial were signed by either John Ryan or Miles Vondra. The court found both Ryan and Vondra testified that the work performed by the Command Center laborers was performed at the Branch Energy site. Ryan and Dave Lees were employees of Renewable Resources and testified that they, along with Command Center laborers, were directed by Kluver to perform work at the Branch Energy site.

[¶9]   In late December 2016, Courtney Grapentine, who is Kluver's daughter, began having Command Center laborers use an online time card application to designate the hours and the location of the work, which was forwarded to Command Center. The district court found the time cards for the Command Center laborers clearly showed that "all of the work" was performed at the Branch Energy site. The court further found that the work tickets, electronic time cards, and the testimony of Vondra, Ryan, Lees, and Michelle Horn, a Command Center branch manager, established that "all work" performed by the Command Center laborers was performed at and for the benefit of the Branch Energy site near Mandaree.

[¶10] The district court found that, while work was being done to make the Branch Energy site functionable, Kluver was negotiating with the owner of the treatment site for a lease agreement with an option to purchase. Under the terms of the draft lease, Kluver's limited liability company Little Knife was to be the lessee. The court also found that to offset the cost of the site cleanup performed by the Renewable Resources employees and Command Center laborers, the lease included various rent waivers and reductions in favor of Little Knife.

[¶11] In January 2017, Grapentine sent an email to Gary Pilgrim, the accountant for the owners of Renewable Resources, requesting payment to various vendors including Command Center. The district court found Grapentine did not mention to Pilgrim that Command Center labor was for the benefit of Branch Energy or that Kluver owned Little Knife. In February 2017, Horn visited the offices of Renewable Resources demanding Command Center be paid the $33,423.12 due and owing for the services provided.

[¶12] The district court found that after some communications between Grapentine and Pilgrim, Pilgrim sent an email to Grapentine authorizing a $20,000 payment to Command Center. On receipt of Pilgrim's email, a Renewable Resources check payable to Command Center for $20,000 was signed by Kluver and delivered to Horn. The court found that Command Center remained due and owing the sum of $13,423.12 and subsequently commenced the small claims court action against Renewable Resources.

[¶13] In November 2019, the district court entered its findings of fact, conclusions of law, and order for judgment. Because the case had been removed from small claims court, the court awarded Command Center its attorney's fees. In December 2019, the court entered an amended judgment. The amended judgment held Renewable Resources and Kluver jointly and severally liable to Command Center for $41,254.29, plus post-judgment interest; held Kluver and Little Knife liable to Renewable Resources for $20,000, plus interest from February 24, 2017; and held Kluver and Little Knife jointly and severally to indemnify Renewable Resources "for all damages, interest, attorney's fees, and costs" awarded to Command Center against Renewable Resources.

## II

[¶14] Our standard of review after a bench trial in the district court is well established:

> In an appeal from a bench trial, the trial court's findings of fact are reviewed under the clearly erroneous standard of N.D.R.Civ.P. 52(a) and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. In a bench trial, the trial court is the determiner of credibility issues and we do not second-guess the trial court on its credibility determinations.

*Brash v. Gulleson*, 2013 ND 156, ¶ 7, 835 N.W.2d 798 (quotation marks and citations omitted); *see also Titan Mach., Inc. v. Renewable Res., LLC*, 2020 ND 225, ¶ 7, 950 N.W.2d 149. The district court's findings of fact are

4

"presumptively correct." *Brash*, at ¶ 10 (quoting *Tweeten v. Miller*, 477 N.W.2d 822, 824 (N.D. 1991)).

## III

[¶15] At the outset, Kluver and Little Knife argue that the district court erred by entering judgment on a pleading that was never filed.

[¶16] Kluver and Little Knife assert that they raised applicable defenses in their answer to the third-party complaint that they filed in the district court, including the failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6). They argue it was "plain error" for the district court to grant relief to a party that never sought such relief from the court by filing a pleading. N.D.R.Civ.P. 8(a). They contend the judgment in favor of Renewable Resources against Kluver and Little Knife therefore must be reversed.

[¶17] Rule 5(d), N.D.R.Civ.P., requires the filing of documents in an action. Rule 5(d)(2)(A)(iii) specifically provides that a defendant may serve a demand on a plaintiff to file a complaint, and Rule 5(d)(2)(A)(iv) allows the defendant to file the summons and complaint. Under N.D.R.Civ.P. 5(d)(6), "[i]f a party fails to comply with this subdivision, the court, on motion of any party or its own motion, may order the documents to be filed. If the order is not obeyed, the court may order them to be regarded as stricken and their service to be ineffective." Furthermore, "[a]n issue may be tried by consent when a party introduces evidence that varies the theory of the case without objection by the opposing party on the grounds that it is not within the issues in the pleadings." *Stevenson v. Biffert*, 2020 ND 42, ¶ 15, 938 N.W.2d 924; *see also* N.D.R.Civ.P. 15(b)(2); *Aho v. Maragos*, 2000 ND 14, ¶ 7, 605 N.W.2d 161.

[¶18] Renewable Resources concedes that it "inadvertently overlooked" filing its third-party complaint against Kluver and Little Knife as a separate pleading, but states that its third-party complaint was nevertheless subsequently filed with the district court by Command Center. Because the third-party complaint was filed and part of the record, Renewable Resources contends the district court did not err by entering judgment.

5

[¶19] Here, Kluver and Little Knife do not point out on appeal where Renewable Resources' "oversight" was specifically raised to the district court, either by pretrial motion or at trial. Nor do they point to the district court's denial of such requested relief in the proceedings below. On our review, Renewable Resources' third-party complaint was filed and is contained within the record; Kluver and Little Knife, as third-party defendants, served and filed their answer; and the district court held a trial on the issues. On these facts we conclude the district court did not err by entering judgment.

IV

[¶20] Kluver and Little Knife argue that the district court erred in allowing the testimony of Renewable Resources' employees, claiming the witnesses could not be effectively cross-examined because of nondisclosure agreements.

[¶21] Under N.D.R.Ev. 401, 402, and 403, the district court has broad discretion on evidentiary matters. *See Cass Cty. Joint Water Res. Dist. v. Erickson*, 2018 ND 228, ¶ 19, 918 N.W.2d 371; *Linstrom v. Normile*, 2017 ND 194, ¶ 7, 899 N.W.2d 287; *Nesvig v. Nesvig*, 2006 ND 66, ¶ 30, 712 N.W.2d 299. "The probative effect and admissibility of evidence is a matter for the trial court's discretion." *Erickson*, at ¶ 19. This Court on appeal will not reverse the trial court's decision to admit or exclude evidence unless it abused its discretion. *Klein v. Estate of Luithle*, 2019 ND 185, ¶ 3, 930 N.W.2d 630. A district court abuses its discretion when it acts in an arbitrary, unreasonable or unconscionable manner, or if it misinterprets or misapplies the law. *Id.*

[¶22] Under N.D.R.Ev. 103, a district court's decision whether to allow or to exclude evidence will not be reversible error unless the party objected to the court's decision and the party's substantial rights were affected. *Westby v. Schmidt*, 2010 ND 44, ¶ 12, 779 N.W.2d 681. "A party must object at the time the alleged error occurs here to allow the district court to take appropriate action to remedy any prejudice that may have resulted." *Id.* "If a party fails to object to the admission of testimony, the party waives the objection." *Id.* Under N.D.R.Civ.P. 61, "[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." *See also Klein*, 2019 ND 185, ¶ 3. "This Court 'appl[ies] this deferential standard of

review to provide trial courts with greater control over the admissibility of evidence.'" *Id.* (quoting *Davis v. Killu*, 2006 ND 32, ¶ 6, 710 N.W.2d 118).

[¶23] Kluver and Little Knife argue that Miles Vondra and John Ryan testified at trial but were "restrained" in their responses by nondisclosure agreements with Renewable Resources. Kluver and Little Knife broadly assert that they were unable to obtain testimony at trial and that Renewable Resources was able to manipulate their testimony. They assert these witnesses told a "limited version" of the truth that benefited Renewable Resources.

[¶24] Renewable Resources responds that the district court did not err in allowing Renewable Resources to present testimony from witnesses subject to nondisclosure agreements. Renewable Resources asserts their arguments are a red herring and Kluver and Little Knife did not object to either Vondra or Ryan testifying at trial. Renewable Resources contends they have not provided proof of prejudice or harm, particularly since Vondra and Ryan answered all of the questions asked by counsel for Command Center and Kluver.

[¶25] Kluver and Little Knife's argument on appeal is broadly stated, and they do not provide specific instances where they were prevented from any particular line of questioning. They have not provided this Court with examples of where they had objected or sought the district court to compel any testimony from the witnesses. They also have not made any showing of prejudice. We conclude the district court did not abuse its discretion by allowing the testimony of the witnesses.

V

[¶26] Kluver and Little Knife argue the district court erred in its findings of fact. As discussed, the district court's findings are "presumptively correct." *Brash*, 2013 ND 156, ¶ 10; *Tweeten*, 477 N.W.2d at 824. Moreover, "[a] trial court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply because we may have viewed the evidence differently does not entitle us to reverse the trial court." *Erickson v. Olsen*, 2014 ND 66, ¶ 19, 844 N.W.2d 585 (citation omitted).

[¶27] Kluver and Little Knife argue that Command Center provided its labor for Renewable Resources, rather than for the interests of Kluver or Little Knife, pointing to invoices showing Command Center's labor was performed at a site called "Stevens Pad." They contend the evidence showing work performed at a "Branch Energy" facility does not support the district court's finding that "all" of Command Center's work was done for the benefit of Little Knife. They contend that Renewable Resources obtained Command Center's labor for its own benefit, Command Center provided its labor to Renewable Resources, and Renewable Resources knew the Command Center invoice was a Renewable Resources obligation. They assert the court's various findings to the contrary are clearly erroneous.

[¶28] Renewable Resources responds, however, that "overwhelming evidence" supports the district court's findings. They assert the evidence at trial shows that Renewable Resources did not obtain Command Center's labor for its own benefit; that Command Center provided its labor to benefit Kluver and Little Knife, not Renewable Resources; and that Renewable Resources was unaware that Kluver owned Little Knife and payment of the Command Center invoice would benefit only Kluver and his company.

[¶29] On our review, we conclude that evidence presented at trial supports the district court's findings of fact and, further, that Kluver and Little Knife are rearguing the evidence and challenging the district court's weight and credibility determinations. From its findings of fact, the district court was clearly troubled both by Kluver's failure to testify at trial, drawing a negative inference, and by evidence showing Kluver's daughter Grapentine's efforts to secure payment of the Command Center invoices, without disclosing Little Knife's ownership or indicating where the liability had been incurred.

[¶30] We will not second-guess the district court's clear findings on appeal. On this record, we conclude the district court's findings are not clearly erroneous.

VI

[¶31] Kluver and Little Knife argue the district court erred in admitting hearsay. Although they objected at trial to the admission into evidence of

8

exhibits 7 through 14 containing Command Center invoices on grounds they contain hearsay, the court overruled their objection.

[¶32] The district court may properly admit business records into evidence under the business records exception to the hearsay rule. *See* N.D.R.Ev. 803(6); N.D.C.C. § 31-08-01; *see also Sanford v. Sanden*, 343 N.W.2d 776, 778 (N.D. 1984); *Endicott Johnson Corp. v. Golde*, 190 N.W.2d 752, 756-57 (N.D. 1971). "Both N.D.C.C. § 31-08-01 and N.D.R.Ev. 803(6) provide an exception to the hearsay rule for records of regularly conducted business activity." *Pizza Corner, Inc. v. C.F.L. Transp., Inc.*, 2010 ND 243, ¶ 9, 792 N.W.2d 911. The foundational elements for a business record must be "shown by the testimony of the custodian or another qualified witness." N.D.R.Ev. 803(6). Rule 803(6) does not require that an employee from the company that created the record provide the foundation for a business record. *Pizza Corner*, at ¶ 12.

[¶33] Under N.D.R.Ev. 803(6), the foundation for admission of a business record can also be established using a "qualified witness," and a qualified witness is "someone who can explain the record keeping system of the business." *Pizza Corner*, 2010 ND 243, ¶ 14. "The term qualified witness is generally given a very broad interpretation. The witness need only have enough familiarity with the record-keeping system of the business in question to explain how the record came into existence in the ordinary course of business." *Id.* (quotation marks and citation omitted). Courts have further held that "a witness from one company can provide the foundation for a record created by a third party if that company integrated the record into its own records and relied on it, and if the record meets the other requirements of Rule 803(6)." *Id.* at ¶ 16.

[¶34] In a bench trial, this Court has also explained:

> In a nonjury case, a trial judge should ordinarily admit all evidence which is not clearly inadmissible because a trial judge who is competent to rule upon the admissibility of evidence can distinguish between admissible and inadmissible evidence when deliberating upon the ultimate decision. *Brodersen v. Brodersen*, 374 N.W.2d 76, 78-79 (N.D. 1985). Therefore, in a bench trial it is

9

> generally not reversible error for the court to admit incompetent evidence unless there is insufficient competent evidence to support an essential finding or unless the incompetent evidence induced the court to make an improper finding. *Schock v. Ronderos*, 394 N.W.2d 697, 699 (N.D. 1986).

*Healy v. Healy*, 397 N.W.2d 71, 74-75 (N.D. 1986).

[¶35] Kluver and Little Knife contend that the work tickets and time sheets do not conform with any exception to the rule against hearsay and no evidence shows these records were made at or near the time of the act or event they purport to record by someone with knowledge. They contend no evidence shows that the records were kept in the course of regularly conducted business activity and that no person claiming to be Renewable Resources' "records custodian" testified. They argue that the time sheets and work tickets are inadmissible hearsay and that the court erred in relying on them to conclude "essentially all" of Command Center's work was under its contract with Renewable Resources for the benefit of Kluver and Little Knife. Renewable Resources responds, however, that the Command Center time records attached to its invoices, including the description of the location of the work, are admissible under the business record exception to the hearsay rule.

[¶36] On this record, we conclude Kluver and Little Knife have not established that the district court abused its discretion. Testimony from Horn, a "qualified witness" as the branch manager for Command Center's Dickinson office, provided foundational testimony of the business practices and showed the time records qualified under the business records exception. She testified that the Command Center work tickets completed by the laborers and signed by the supervisor on-site are used in the ordinary course of business by Command Center to pay the labor and invoice the client. She provided testimony regarding the business practices of accepting and using Command Center time sheets or the client's time sheets to enable payment to the laborers and invoicing of the client.

[¶37] The district court did not err in admitting the exhibits under the business records exception to the hearsay rule. In considering our standard of

10

review and the deference afforded to the district court's ability to disregard inadmissible evidence in reaching its decision, we conclude the court did not abuse its discretion by admitting the exhibits into evidence.

## VII

[¶38] Kluver and Little Knife argue the district court erred in ordering Kluver and Little Knife to indemnify Renewable Resources for the attorney's fees awarded to Command Center against Renewable Resources.

[¶39] Specifically, N.D.C.C. § 27-08.1-04 allows a prevailing plaintiff to recover attorney's fees from a defendant who removes an action from small claims court, stating in relevant part:

> If the defendant elects to remove the action to district court, the defendant must serve upon the plaintiff a notice of the removal and file with the clerk of the court to which the action is removed a copy of the claim affidavit and the defendant's answer along with the filing fee, except for an answer fee, required for civil actions. *If the defendant elects to remove the action from small claims court to district court, the district court shall award attorney's fees to a prevailing plaintiff.*

(Emphasis added.)

[¶40] In *Interiors by France v. Mitzel Contractors, Inc.*, 2019 ND 158, ¶ 14, 930 N.W.2d 133, this Court construed N.D.C.C. § 27-08.1-04 and held that an award of attorney's fees to a prevailing plaintiff under this section "does not extend to parties who were not part of the original small claims court proceedings." We therefore affirmed the district court's judgment limiting the plaintiff's recovery of damages without an award of attorney's fees from a defendant that was added after the case had been removed from small claims court to the district court. *Id.* at ¶¶ 1, 14.

[¶41] Kluver and Little Knife essentially argue that Renewable Resources, as the defendant that removed the case from small claims court to the district court, caused the attorney's fees to be awarded under the small claims court

11

statutes and that they therefore should not be assessed for items assessable to Renewable Resources.

[¶42] Renewable Resources responds that the district court did not err by ordering Kluver and Little Knife to indemnify Renewable Resources, including its liability for Command Center's attorney's fees. *See Mann v. Zabolotny*, 2000 ND 160, ¶ 7, 615 N.W.2d 526 ("Indemnification is a remedy which allows a party to recover reimbursement from another for the discharge of a liability which, as between them, should have been discharged by the other."). Renewable Resources argues that to allow Kluver to shift any portion of the loss to Renewable Resources, who was merely vicariously liable, would unjustly enrich Kluver and Little Knife and would be contrary to the purpose of indemnification.

[¶43] Generally, "[i]ndemnity is an equitable remedy which permits a party to recover reimbursement from another for the discharge of a liability that, as between the two parties, should have been discharged by the other." *Titan Mach.*, 2020 ND 225, ¶ 10 (quoting *Superior, Inc. v. Behlen Mfg. Co.*, 2007 ND 141, ¶ 11, 738 N.W.2d 19). "As an equitable doctrine, indemnity is not amenable to hard and fast rules, and the application of indemnity depends on the facts of each case." *Id.* "A right of indemnity may arise by express agreement or by implication." *Id.* at ¶ 11 (quoting *Grinnell Mut. Reinsurance Co. v. Ctr. Mut. Ins. Co.*, 2003 ND 50, ¶ 40, 658 N.W.2d 363). Even when there is no express contractual duty for indemnification, "indemnity nonetheless may be recovered if the evidence establishes an implied contract or if one party is exposed to liability by the action of another party who, in law or in equity, should make good the loss of the other." *Id.*

[¶44] Here, in its September 2019 memorandum opinion, the district court considered *Interiors by France*, 2019 ND 158, ¶ 14, and held that while Command Center, as prevailing plaintiff on its breach of contract claim, was entitled to attorney's fees under N.D.C.C. § 27-08.1-04, Kluver could not be held responsible for Command Center's attorney's fees since he was not an original small claims court defendant and did not initiate the removal from

small claims court. However, the court made findings that Kluver's liability for fees and costs was based on principles of indemnification.

[¶45] In its subsequent findings of fact, the district court found Kluver breached duties to Renewable Resources to act in its best interests and not to undertake any wrongful acts for the benefit of himself and to the detriment of Renewable Resources. The court concluded Kluver breached a duty to use ordinary diligence to keep Renewable Resources informed of his acts. The court, relying on these breaches, concluded Kluver and Little Knife were required to indemnify Renewable Resources for the award of damages, interest, attorney's fees and costs to Command Center. While they may not have removed the case from small claims court, Kluver and Little Knife could be required to indemnify Renewable Resources to make it whole.

[¶46] Here, in awarding attorney's fees, the district court held Command Center was entitled to an award of attorney's fees from Renewable Resources under N.D.C.C. § 27-08.1-04 and under the parties' agreement for services, which allowed for attorney's fees and court costs and any other costs it incurred in the process of collection. The court also held that Kluver's liability for Command Center's fees and costs arose from the parties' agreement for services, which was imposed on him under N.D.C.C. § 3-04-02(2) and (3).

[¶47] The district court concluded that because Renewable Resources had requested Kluver and Little Knife to indemnify it from "all or any portion of the sums due and owing" Command Center, and Command Center's attorney's fees award resulted directly from Kluver's actions, Kluver was responsible for indemnifying Renewable Resources for all attorney's fees and any costs awarded against Renewable Resources in favor of Command Center.

[¶48] The district court awarded attorney's fees to Renewable Resources from Kluver and Little Knife specifically to indemnify Renewable Resources for the attorney's fees awarded to Command Center. We conclude our decision in *Interiors by France* does not control because the court's attorney's fees award to Renewable Resources was not primarily based on N.D.C.C. § 27-08.1-04, but

13

rather principles of indemnification. We therefore affirm the court's attorney's fee award.

## VIII

[¶49] We have considered the remaining arguments and conclude they are either unnecessary to our decision or do not affect the outcome of the appeal. The amended judgment is affirmed.

[¶50] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte